No. 44,445

Clarence William Cooper, *Appellant*, v. The State of Kansas, *Appellee.*

(411 P. 2d 652)

Opinion filed March 5, 1966.

*Kenneth L. Briggs,* of Fort Scott, argued the cause, and was on the brief for the appellant.

*Charles M. Warren,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from an order of the district court of Bourbon County overruling plaintiff's motion for relief under K. S. A. 60-1507.

The facts are not complicated. On December 21, 1963, the plaintiff was arrested without a warrant by police officers of Fort Scott, Kansas, and placed in jail. On January 2, 1964, a complaint was filed charging plaintiff (appellant herein) with three counts of soliciting children under the age of fifteen years with the intent to induce them to commit immoral acts.

The following day, January 3, 1964, plaintiff was taken before the county court of Bourbon County, where he entered a plea of not guilty to all three charges and waived preliminary hearing. At these proceedings, plaintiff was not represented by counsel.

Three days later, on January 6, 1964, plaintiff appeared before the Bourbon County District Court where the information was read and explained to him, and Howard Hudson, a reputable attorney of Fort Scott, was appointed to represent him. On February 12, 1964, the plaintiff again appeared in district court accompanied by appointed counsel where, after counts one and three of the information were dismissed, he entered a plea of guilty to count two and was sentenced to the Kansas State Penitentiary for a term of not less than one nor more than five years. The record indicates that plaintiff was sent to the Kansas State Reception and Diagnostic Center for examination before beginning the prison sentence. No motion for a new trial was filed and no appeal was taken from the sentence imposed.

Subsequently, plaintiff filed a motion pursuant to K. S. A. 60-1507 attacking the validity of his sentence and seeking to be released from confinement. The district court set the matter for trial, again appointed Mr. Hudson as counsel, and ordered plaintiff returned for an evidentiary hearing at which both parties introduced testimony. At the conclusion of the hearing, the district court prepared a comprehensive memorandum in which it summarized the testimony of the witnesses, made findings of fact, and concluded that plaintiff had not sustained his burden of proof but had failed to establish grounds for discharge. Plaintiff's motion was therefore denied. Notice of appeal was filed by plaintiff *pro se* and Kenneth

L. Briggs, a responsible member of the Bourbon County Bar, was appointed to represent the appellant.

On this appeal, the plaintiff complains that his constitutional rights were abridged in three particulars: (1) That he was not arraigned until thirteen days after his arrest; (2) that he was not represented by counsel at his arraignment; and (3) that while confined he was refused permission to consult an attorney from December 21, 1963, to January 3, 1964.

It is evident that the plaintiff's references to arraignment are intended to allude to his appearance before the county court, and they will be so considered by us.

Needless to say, this court does not approve of unwarranted delay, either in the filing of formal charges against a suspect who is confined in jail, or in taking him before a proper magistrate for examination. We subscribe to the prevailing view that when a person is arrested for a crime, either with or without a warrant, he is to be taken before a magistrate with reasonable promptness and without unnecessary delay. (*State v. Beebe*, 13 Kan. 589; 5 Am. Jur. 2d, Arrest, § 77, p. 763.)

The state makes no attempt to justify its failure to take the plaintiff before an examining magistrate until after he had languished in jail for nearly two weeks. Unexplained, a delay of such proportions indicates indifference on the part of law enforcement officers toward their official responsibilities. It also infringes the right of every person arrested for a crime to an early examination before a magistrate (K. S. A. 62-610, 62-614). We are not disposed to condone such official shortcoming.

The present action, however, is not one to test the validity of an arrest, nor one to recover damages for an illegal detention. Neither is it a proceeding to gain release from an unlawful custody prior to trial. This case attacks the validity of the *sentence* pronounced against the plaintiff, which is claimed to be illegal on the premise, among others, that plaintiff was not promptly taken before a magistrate after his arrest.

We are cited to no authority holding that undue delay in taking a prisoner before a magistrate is of itself a denial of due process. It is only where the unwarranted delay has prejudiced the accused upon his trial that it may be said to violate the precepts of due process.

This court has held against the contention advanced here by the appellant. In *Rutledge v. Hudspeth*, 169 Kan. 243, 218 P. 2d 241, a

proceeding in habeas corpus, it was argued that the petitioner was entitled to be released from the penitentiary because he had been confined in jail for five days before a warrant was read to him. In rejecting this contention, we said:

". . . A petition for a writ of habeas corpus by one being under a sentence after a plea of guilty is a collateral attack upon that judgment. In order for such an attack to be successful it must be made to appear that the judgment is void. Such a judgment carries with it a presumption of validity. (See *Miller v. Hudspeth,* supra.) We considered an argument analogous to this in *Wears v. Hudspeth,* 167 Kan. 191, 205 P. 2d 1118. There a petitioner, who was held as a parole violator, asked for a writ and argued amongst other things that he was entitled to a writ because he was held prior to his delivery to the authorities at the penitentiary at a jail other than the one designated by the trial court. We said:

" 'Obviously this claim is wholly devoid of merit. Its short and simple answer is that such incarceration, which we pause to note is denied by respondent and merely supported by petitioner's uncorroborated statement, has long since ended and its legality is not now subject to consideration in a habeas corpus proceeding.'

"What would have been our action if we had been asked for a writ while petitioner was being held without a warrant we need not say. Without conceding there was anything unlawful about the five days' incarceration without a warrant it may safely be said that such illegality does not render void the subsequent judgment of the trial court." (pp. 244, 245.)

The foregoing passage from the Rutledge opinion was quoted with approval in *Converse v. Hand,* 185 Kan. 112, 114, 340 P. 2d 874.

Should it be suggested that the conclusion reached in the Rutledge case conflicts with the rule enunciated in *McNabb v. United States,* 318 U. S. 332, 87 L. Ed. 819, 63 S. Ct. 608, and followed in *Mallory v. United States,* 354 U. S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1356, it would be sufficient to reply that this court has held the rule of those federal cases to be inapplicable in this jurisdiction. (*State v. Stubbs,* 195 Kan. 396, 407 P. 2d 215.) The reasons which prompted our refusal to follow the McNabb rule are adequately set forth in Stubbs and we continue to view those reasons as valid.

We would further point out, however, that in our judgment there is no basic contradiction between the rule expressed in McNabb and Mallory and the rationale of Rutledge. In both federal cases, the court held that incriminating statements were not admissible in evidence where they had been elicited from an accused during a period of illegal detention, in violation of Rule 5 (a), Federal Rules of Criminal Procedure. But in Rutledge no confession was involved; no confession was obtained from the defendant while he was wrongfully held in custody, nor was one introduced in evidence

at the time he entered his plea of guilty. Thus, the cases are easily distinguished.

Neither was a confession involved in the criminal action against this appellant. He argues, only, that the failure to take him promptly before a magistrate vitiated *per se* the sentence thereafter imposed against him. We think this clearly is not the law.

In *State v. Maldonado,* 92 Ariz. 70, 373 P. 2d 583, the Supreme Court of Arizona pondered the effect of a 79-day delay before preliminary examination upon the defendant's right to receive a fair trial, and said:

"The United States Supreme Court has stated that denial of due process 'as applied to a criminal trial . . . is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it . . . [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial.' Lisenba v. California, 314 U. S. 219, 236, 62 S. Ct. 280, 290, 86 L. Ed. 166 (1941). Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law. This is the rule in the federal, . . . as well as in the state courts. [citing cases.]" (p. 76.)

In similar vein, the court in *Fowler v. Hunter,* 164 F. 2d 668, spoke as follows:

"The fact that petitioner was held for eleven days without being taken before a United States Commissioner on the charge of impersonating an investigator for the Committee on the Judiciary of the United States Senate could not affect the legality of the prosecution on the separate and distinct charges of the indictment upon which petitioner was tried and convicted. There was no proof that petitioner made any admissions or confessions, when the agents interrogated him with respect to the charge of impersonation, which were introduced in evidence or in anywise used against him in the trial on the charges laid in the indictment." (p. 670.)

We find nothing in the record which taints the proceedings which were had when plaintiff was arraigned, entered his plea of guilty and was sentenced, or which suggests that he was then denied due process of law.

Neither can we agree that plaintiff's constitutional right to a speedy trial was violated by reason of the delay in bringing him before a magistrate. The guaranty of speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution has no reference to a preliminary examination, which is no trial in the ordinary sense (*State v. Badders,* 141 Kan. 683, 42 P. 2d 943), but rather it refers to a trial according to its true meaning, that is, the judicial hearing which follows indictment or information where the

issue of guilt or innocence is determined. This is clearly implicit in our own cases on the subject (*In re Trull*, 133 Kan. 165, 298 Pac. 775), and we are cited to no contrary authority elsewhere. (See *Shepherd v. United States*, 163 F. 2d 974; 21 Am. Jur. 2d, Criminal Law, § 243, p. 280.)

Parenthetically, we may add that the guaranty of the right to speedy trial contained in the 6th Amendment to the Constitution of the United States has been held not to extend to state-court actions. (*Phillips v. Nash*, 311 F. 2d 513, cert. den. 374 U. S. 809, 10 L. Ed. 2d 1033, 83 S. Ct. 1700.)

It is pertinent to observe that in *State v. Brockelman*, 173 Kan. 469, 249 P. 2d 692, cited by appellant, the delay complained of did not relate to the preliminary examination, but to the trial of an appeal from a justice court conviction. The opinion furnishes no precedent to sustain the plaintiff's position.

It is obvious there was no unconstitutional delay either in arraigning the plaintiff or in pronouncing sentence on his plea of guilty. In this state, what constitutes a speedy trial has been legislatively defined (*State v. Williams*, 187 Kan. 629, 360 P. 2d 11). Both K. S. A. 62-1431 and K. S. A. 62-1432 are designed to carry into effect the constitutional guaranty of expeditious trial. The first statute provides, in substance, that where a person who is held in jail has not been brought to trial before the end of the second term of court after he was indicted or informed against, he is entitled to be discharged (with exceptions not here material). The lapse of 52 days between the date of plaintiff's arrest and the date he was sentenced is well within the limits set out in the statute.

Furthermore, when the appellant entered his plea of guilty to the charge against him, he waived whatever right he possessed to a speedy trial. (*Moore v. Hand*, 187 Kan. 260, 356 P. 2d 809; *Moore v. Crouse*, 191 Kan. 323, 380 P. 2d 373.)

The appellant next contends that failure to appoint a lawyer to represent him at the preliminary hearing denied him his constitutional right to counsel. This argument has been before us so often that it is fast becoming threadbare. Nevertheless, we are disposed to distill, once more, the essence of our many holdings on this subject: (1) Under our practice the purpose of a preliminary examination for one accused of a felony is to determine whether an offense has been committed, and whether there is probable cause to charge the accused with its commission; (2) the preliminary examination held pursuant to our statutes does not constitute a trial in its com-

mon, ordinary sense; (3) an accused has no constitutional right to be provided with counsel at his preliminary hearing; and (4) in the absence of a showing that the substantial rights of an accused have been prejudiced by lack of counsel at the preliminary examination, the failure to furnish counsel thereat does not constitute reversible error. (*State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Jordan*, 193 Kan. 664, 396 P. 2d 342, cert. den. 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, cert. den. 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350.) Many more decisions of like import could be cited, but they would merely prolong this opinion without adding to its wisdom.

We have carefully examined the record and do not find the slightest indication of prejudice to plaintiff's rights resulting from lack of counsel at the preliminary hearing. His claim of error in such regard is wholly without merit.

Finally, the plaintiff asserts that while he was in jail he was not permitted to consult an attorney before he appeared in county court. We believe it elementary that one accused of crime is entitled to secure and to confer with counsel of his own choosing prior to a legal hearing. Furthermore, under the provisions of K. S. A. 62-615, any person accused of felony may be assisted by counsel at his preliminary examination. (*State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143.)

However, the foregoing rule can be of no comfort to this plaintiff for he failed to establish that he was refused permission to consult counsel. An evidentiary hearing was held on plaintiff's motion under 60-1507, at which he appeared personally and by counsel, and where he testified at length. Seven witnesses were called by and testified on behalf of the plaintiff, but not one of them corroborated his allegation that he was refused permission to call a lawyer. The plaintiff's own personal testimony was flatly contradicted by testimony given by the sheriff.

After the hearing was concluded, the district court found that plaintiff's testimony had not been corroborated. Under Rule No. 121 (g) of this court, the uncorroborated statements of a movant are insufficient to sustain his burden of proof. The trial court's finding that corroboration was lacking is amply supported by the record, and may not be disturbed on this appeal.

No prejudicial error is shown to have been committed and the judgment of the court below is affirmed.