No. 47,120

BENJAMIN FRANK UNDERWOOD, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(522 P. 2d 457)

Opinion filed May 11, 1974.

*Rodney L. Turner,* of Kansas City, was on the brief for the appellant.

*Vern Miller,* Attorney General, and *Nick A. Tomasic,* District Attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order denying a motion to vacate sentence filed pursuant to K. S. A. 60-1507. On April 13, 1971, the appellant-petitioner, Benjamin Frank Underwood, entered his plea of guilty to taking indecent liberties with a child under the provisions of K. S. A. 1970 Supp. 21-3503. He was sentenced to confinement in the Kansas State Penitentiary for a period of three to twenty years. On August 31, 1972, the appellant filed a motion under K. S. A. 60-1507 to vacate his conviction and sentence. An evidentiary hearing was held in the district court on December 19, 1972, following which the motion was denied. The appellant has appealed to this court.

The appellant first contends that the trial court committed error by accepting his plea of guilty in violation of K. S. A. 1970 Supp. 22-3210 without first advising appellant as to the maximum penalty which might be imposed upon acceptance of such plea and in failing to determine that there was a factual basis for the plea. The record shows that before the plea was accepted the trial court thoroughly interrogated the appellant as to the nature of the charge; his understanding of his situation; his opportunity to discuss the charge fully with his attorney, Mr. Russell; the absence of any threats or promises; his absolute right to trial by jury; and as to the voluntary nature of his plea. At the evidentiary hearing on the 60-1507 motion Mr. Russell testified that he had informed the appellant about the nature of the charge, the consequences of a plea of guilty and the possible sentence that could be imposed according to Kansas law. In view of the evidence before us we think it clear that the appellant fully understood the nature of

the charges, the possible sentence, and the consequences of his plea of guilty and that his plea of guilty was voluntary and understandably made. We find that the appellant's first contention is without merit.

Appellant next maintains that his appointed counsel was derelict in not advising the court of the appellant's mental deficiency and in not requesting a continuance at the time of the preliminary hearing in magistrate court in order to counsel with the appellant. The record shows that following the waiver of a preliminary hearing his attorney, Mr. Russell, gave notice to the court that the appellant might use a defense of "lack of mental responsibility" and that arrangements were made for the examination and evaluation of appellant's mental condition, at the Wyandotte County Mental Health Center. According to Russell's recollection the report from the mental health center failed to show any mental disability of appellant which would justify a defense of lack of mental capacity. It appears to us from the record that the appellant's counsel made an appropriate inquiry as to his mental condition and found no evidence to support such a defense. Furthermore on the entire record the trial court was justified in finding that the appellant was provided adequate representation by Mr. Russell. The appellant was originally charged with two counts of indecent liberties and had made a full statement implicating himself prior to the time he was seen by Mr. Russell. Mr. Russell conferred with the appellant on the very evening when he was arrested and later was formally appointed to represent him on the day the preliminary hearing was set. Through Mr. Russell's efforts appellant was able to obtain a reduction in the amount of his appearance bond and the second count of the information was dismissed following the entry of his plea of guilty to the first count. We cannot say that gauged by the totality of representation the appellant Underwood was denied adequate representation by counsel.

Finally the appellant takes the position that he was denied due process of law by the failure of the authorities to bring him before a magistrate until the lapse of a period of six days following his arrest. Although we expressly disapprove an unwarranted delay of six days in holding a person under arrest without bringing him before a magistrate, the record does not show that appellant suffered any prejudice in the ultimate disposition of his case as a

result of such a delay. It is only where an unwarranted delay in bringing a defendant before the magistrate has prejudiced his trial that it may be said to violate the precepts of due process. (*Cooper v. State*, 196 Kan. 421, 411 P. 2d 652.)

For the reasons set forth above the judgment of the district court is affirmed.