NOT DESIGNATED FOR PUBLICATION

No. 113,552

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHEILEN J. MORGAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed June 3, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam:* Sheilen J. Morgan asks us to set aside his plea of guilty to aggravated burglary because he did not have his first appearance for almost 8 weeks after his arrest. Under the circumstances here, where Morgan had his bond set and reduced at his request and had received a court-appointed attorney who negotiated a plea bargain with the district attorney's office—all before his first appearance— Morgan has failed to demonstrate any prejudice that would induce us to overturn the district court's refusal to set aside his plea. We affirm.

1

*Another man with the same last name was brought to court from the jail.*

Morgan was arrested around October 24, 2013. Four days later, the State charged him with one count of aggravated burglary, a severity level 5 person felony, and one count of theft after a prior conviction, a severity level 9 nonperson felony. Morgan was called to court and filed a financial affidavit for a court-appointed attorney on October 28.

The district court was to hold a first appearance for him on October 28, but a man named Simon Morgan was brought up for that hearing instead. The district court set Morgan's bond in the amount of $25,000.  Attorney Mark Orr was appointed to represent Morgan on October 28.

In November, Morgan filed pro se motions for a bond reduction and dismissal because he was never arraigned (never had a first appearance). Orr refiled the motion to reduce bond, but not the motion for dismissal. The court reduced Morgan's bond to $5,000 surety. Morgan did not post bond.

Orr met with Morgan, and Morgan complained about not having a first appearance. Orr told him he would see what he could do about it. Morgan had a preliminary hearing set for November 13. But Orr continued Morgan's preliminary hearing twice so that he could research the first appearance issue. On December 18, Morgan was brought to court for a preliminary hearing, but Orr was not there. Morgan told the judge he had not had a first appearance and the judge read him the charges and set bond. This was almost 8 weeks after his arrest.

Later, Morgan met with Orr again and Orr told him that nothing could be done about the late first appearance. Orr advised Morgan that the State had offered a plea deal

and Morgan agreed. In January 2014, Morgan entered into a plea agreement with the State in which Morgan agreed to plead guilty to aggravated burglary.

The State agreed to dismiss the theft charge, recommend the low number in the grid box, recommend that the sentence run consecutively with Morgan's other cases, and recommend a dispositional departure to probation.

Morgan signed an acknowledgment of rights in which he acknowledged the many rights he would give up by pleading guilty, including the right to a speedy trial. A plea hearing was held on January 8, 2014. The State dismissed the theft charge. Morgan pled guilty to aggravated burglary. The district court found that Morgan understood the nature of the charges against him and the consequences of the plea, and that Morgan knowingly, willingly, and voluntarily waived his constitutional rights and entered the plea. Morgan did not raise the issue about his first appearance at the plea hearing.

In February 2014, Morgan was sentenced to a downward dispositional departure sentence of 36 months' probation with an underlying prison term of 38 months—the low number in the grid box.

In April 2014, a warrant was issued for Morgan based on allegations that he failed to report on multiple occasions, was unsuccessfully discharged from drug/alcohol treatment, and committed the offenses of tag violation and driving while suspended and improper equipment. Later in the month, another warrant was issued based on allegations that Morgan committed the offense of theft-stolen property. In May 2014, a warrant was issued for Morgan based on allegations that he committed the offense of felony theft.

In September 2014, Morgan filed a motion to withdraw his plea. A hearing was held on December 29, at which Morgan and Orr testified. Morgan testified that in April or May, he went to the law library and researched first appearance law and decided then

3

to withdraw his plea. He testified he was "manipulated into taking a plea" and "misled [by] counsel." He wanted to withdraw his plea solely because it was unjust that his rights were violated by not having a first appearance.

Orr testified that after Morgan complained about not having a first appearance at their first meeting, he did Westlaw research to determine if they could turn it into a bargaining chip or a dismissal. But he found nothing helpful. He also sent the issue out to a Listserv of the "best criminal defense attorneys in the State of Kansas" and no one could point to any benefit to be gained. Orr subsequently discussed plea offers with the State. Orr also testified that he met with Morgan about his probation violations in April or May and told him that the judge would likely not reinstate his probation.

The district court denied Morgan's motion to withdraw his plea. The court stated that it had found no case support that the delay in the first appearance could have resulted in a dismissal. Concerning his plea, the court analyzed the factors in *State v. Edgar*, 281 Kan. 30, 127 P.3d 986 (2006), and held that Orr was represented by competent counsel, he was not misled, coerced, mistreated, or unfairly taken advantage of, and the plea was fairly and understandably made. The court found that Morgan did not meet his burden to show manifest injustice.

Morgan contends that the State's failure to bring him before a judge for a timely first appearance pushed him into a plea deal and, thus, it is manifestly unjust to deny him to withdraw his plea.

*We review some general points of law.*

After sentencing, the court may allow a defendant to withdraw a plea to correct manifest injustice. K.S.A. 2015 Supp. 22-3210(d)(2). Manifest injustice is a more stringent standard for a defendant to meet than the good cause standard applied when the

4

defendant requests to withdraw a plea before sentencing. *State v. Macias-Medina*, 293 Kan. 833, 836-37, 268 P.3d 1201 (2012). Manifest injustice means "obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959 (2006).

When dealing with motions to withdraw pleas, a court considers three factors, sometimes called the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. See *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). But these factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

On appeal, we will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *Fritz*, 299 Kan. at 154. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The defendant bears the burden to prove an abuse of discretion. *Fritz*, 299 Kan. at 154. Appellate courts do not reweigh the evidence or pass on the credibility of witnesses. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

*We find no error here.*

The statute, K.S.A. 2015 Supp. 22-2901(1), directs that a "person arrested shall be taken without unnecessary delay before a magistrate . . ."  But the statute sets no sanction in the event there is unnecessary delay. Generally, the purpose of the rule requiring a person to be taken before a magistrate without unreasonable delay after an arrest is to safeguard individual rights. Unlawful detention provides an opening for improper

5

pressure by the police. The rule is designed to reduce "third-degree practices" from police officers by ensuring the prisoner is advised of his constitutional rights by a judge. *State v. Crouch*, 230 Kan. 783, 785-86, 641 P.2d 394 (1982).

But delay in taking a prisoner before a magistrate is not itself a denial of due process unless the delay has in some way prejudiced the right of the accused to a fair trial. Whether a delay has prejudiced the accused depends on the facts and circumstances of each case. *State v. Goodseal*, 220 Kan. 487, 500, 553 P.2d 279 (1976), *overruled on other grounds by State v. Underwood*, 228 Kan. 294, 306, 615 P.2d 153 (1980). The burden to show prejudice by the delay is on the defendant. *State v. Taylor*, 217 Kan. 706, 708, 538 P.2d 1375 (1975). The defendant must show that something happened during the delay that might not have happened after a first appearance. See *Taylor*, 217 Kan. at 708-09.

In *Crouch*, the court considered whether incarceration of two defendants for 11 days before giving them a first appearance resulted in such prejudice as to warrant dismissal of the charges. The court established the policy for these questions—dismissal of the charges only under extreme circumstances:

> "We have concluded that the dismissal of a criminal complaint with prejudice because of a violation of K.S.A. 22-2901 is a sanction which should be imposed only under extremely compelling circumstances. We recognize, however, that, in a proper case, a district court in this state has the power to dismiss a criminal complaint with prejudice, if the interests of justice require such action. Such power should be exercised, however, with great caution and only in cases where no other remedy would protect against abuse. Where a trial court finds that a violation of K.S.A. 22-2901 has resulted in prejudice to the defendant's right to a fair trial, then the trial court should take appropriate action. The trial court, in its discretion, may suppress a confession or physical evidence, if such is the product of the wrongful misconduct. In determining the appropriate remedy, a trial court should consider the four factors identified in *Barker v. Wingo*: the length of the delay, the reason for the delay, the defendant's assertion of his rights, and prejudice resulting to the

6

defendant. In addition, the court should consider the severity of the crime charged. We want to emphasize that the purpose of K.S.A. 22-2901 and similar statutes is not to penalize the police or the public but to protect the rights of the accused." 230 Kan. at 788.

The phrase, "without unnecessary delay" is not statutorily defined and no definition has been created by the courts. The concept is flexible, dependent on the circumstances. *State v. Cuchy*, 270 Kan. 763, 766-67, 19 P.3d 152 (2001). Our Supreme Court has stated that "[u]nexplained, a delay of [nearly two weeks] indicates indifference on the part of law enforcement officers toward their official responsibilities. It also infringes the right of every person arrested for a crime to an early examination before a magistrate [Citation omitted]. We are not disposed to condone such official shortcoming." *Cooper v. State*, 196 Kan. 421, 423, 411 P.2d 652 (1966).

But the court stated that the case before it was not one to challenge the validity of the arrest, to recover damages for an illegal detention, nor to gain release prior to trial. 196 Kan. at 423. Rather, the defendant argued that the failure to timely take him before a magistrate *per se* invalidated his sentence. The court held that was clearly not the law. There was nothing in the record to indicate that the delay tainted the defendant's guilty plea or sentence. 196 Kan. at 425.

Our examination of this record reveals that there was unnecessary delay here. Morgan was arrested on October 24, 2013. He did not have a first appearance until December 18. If we look closely, however, Morgan most likely would have been brought before a judge on November 13, the date of his original preliminary hearing. His attorney delayed the hearing to research the first appearance issue. Morgan may not complain about a delay of his own making. See *State v. Hartman*, 27 Kan. App. 2d 98, 100-101, 998 P.2d 128 (2000). Still, a delay of 20 days was certainly unnecessary. See *Crouch*, 230 Kan. at 786-87.

7

More importantly, Morgan was not prejudiced by the delay. Morgan did assert his right to a first appearance from the beginning. But the delay here was a mistake. Morgan must point to something that happened during the delay that tainted his guilty plea. See *Cooper*, 196 Kan. at 425. Our Supreme Court has stated more than once that there is no denial of due process unless the failure to timely provide a first appearance in some way prejudiced the defendant's right to a fair trial. See *e.g., Goodseal*, 220 Kan. at 500.

Morgan had an attorney very early in the process, he was not subjected to coercive law enforcement questioning, he was able to file motions, his bond was reduced, and his attorney negotiated a favorable plea deal where one of the charges would be dismissed and the State would recommend probation on a presumptive prison crime. Moreover, this court has held that a defendant waives any right to complain about a violation of K.S.A. 22-2901 by pleading guilty. *Hartman*, 27 Kan. App. 2d at 101.

Morgan essentially argues that the State's failure to timely take him before a magistrate *per se* invalidates his plea. But without more, he has not shown a due process violation that would warrant any sanctions. See *Cooper*, 196 Kan. at 425. Moreover, he has shown nothing obviously unfair nor shocking to the conscience that occurred because of the delayed first appearance.

*We review his plea circumstances.*

When determining whether a defendant has shown manifest injustice, Kansas courts consider (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Morris*, 298 Kan. at 1100. The district court analyzed each factor and determined Morgan did not meet his burden to show manifest injustice.

8

Morgan complains that his attorney did not file a motion to dismiss based on the K.S.A. 22-2901 violation; rather his attorney told him the violation did not matter. However, Orr testified that he researched the first appearance issue on Westlaw to determine if they could turn it into a bargaining chip or a dismissal. But he found nothing helpful. He also sent the issue out to a Listserv of criminal defense attorneys and no one could point to any benefit to be gained. Indeed, Kansas law provides that a violation of K.S.A. 22-2901 only warrants dismissal in "extremely compelling circumstances." The defendant must show that the delay resulted in prejudice to the defendant's right to a fair trial. *Crouch*, 230 Kan. at 788.

As we pointed out, Morgan points to no prejudice suffered as a result of the delay. Morgan was represented by competent counsel 4 days after he was arrested. Counsel got his bond reduced from $25,000 to $5,000 surety. And, counsel negotiated a favorable plea deal, as Morgan requested.

Morgan complains that he was "pushed into the plea agreement" and "manipulated into taking a plea" because the State failed to provide him a first appearance. However, there are some logical steps missing in this argument. When Orr informed him that his case would not be dismissed because of the untimely first appearance, Morgan could have defended against the charges. He *chose* instead to enter into a favorable plea agreement. Moreover, at his plea hearing, the district court asked Morgan if anyone had promised him anything in order to get him to sign the plea agreement and Morgan responded "no." Morgan was not misled, coerced, mistreated, or unfairly taken advantage of to get him to plead guilty.

The plea was fairly and understandingly made. The State agreed to dismiss one charge, to recommend the low number in the grid box, and to recommend probation on a presumptive prison crime. Morgan signed an acknowledgment of rights stating that he acknowledged he was waiving the right to a speedy trial, among other rights. The district

9

court reiterated his rights and made sure he understood the plea agreement. Morgan does not contend that he did not understand the plea.

Even though there was unnecessary delay in bringing Morgan before a magistrate after his arrest, nothing obviously unfair nor shocking to the conscience occurred during the delay. The district court's denial of Morgan's motion was not arbitrary, fanciful, or unreasonable, nor based on an error of fact or law.

Affirmed.