NOT DESIGNATED FOR PUBLICATION

No. 122,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANDO CIPRIANO LIRA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed March 26, 2021. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GREEN and ATCHESON, JJ.


PER CURIAM: Armando Lira appeals his aggravated robbery, aggravated assault, and driving with a suspended license convictions. Lira argues that we should reverse his convictions because, after his warrantless arrest, the trial court did not promptly make a judicial determination of probable cause in violation of his rights under the Fourth Amendment to the United States Constitution and K.S.A. 2020 Supp. 22-2901(1). Nevertheless, because Lira's argument is not warranted by law and fact, we affirm his convictions.

1

*Background*

On October 17, 2018, around 9:20 p.m., Joshua Wells reported to the police that Armando Lira had just driven away in his tow truck after forcing him out of his tow truck at gunpoint, threatening Wells with his own handgun. Because Wells' tow truck contained a GPS tracker, the police quickly located Wells' tow truck within minutes of Wells' report. When the police arrested Lira around 9:30 p.m., Lira was walking away from Well's tow truck with Well's handgun near his feet.

Two days after his warrantless arrest, on October 19, 2018, a trial judge signed Lira's arrest warrant. Three days after this on October 22, 2018, the State charged Lira with kidnapping, aggravated robbery, aggravated assault, theft, criminal damage to property, and driving with a suspended license. At this same time on October 22, 2018, the court clerk certified Lira's arrest warrant. Significantly, this was the same arrest warrant that the trial judge had already signed sometime on October 19, 2018. Then, the next day, October 23, 2018, the trial court held Lira's first appearance.

The transcript of Lira's first appearance is not in the record on appeal. Even so, because the trial court did not dismiss the State's charges against Lira, it is readily apparent that at his first appearance, the trial court determined that probable cause supported Lira's warrantless arrest five days earlier on October 17, 2018, around 9:30 p.m.

Next, before his jury trial, Lira moved to dismiss the State's charges against him. In his motion to dismiss, Lira argued that the trial court's failure to timely conduct a probable cause hearing following his warrantless arrest violated his rights under the Fourth Amendment. In making this argument, Lira pointed to the United States Supreme Court's holding in *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991). The Court held that the Fourth Amendment requires a judicial

2

determination of probable cause following a defendant's warrantless arrest to occur within 48 hours of that defendant's warrantless arrest. 500 U.S. at 56-57. Lira then asserted that the five-day delay between his warrantless arrest and probable cause determination at his first appearance prejudiced his defense because the delay prevented him from being "released [from jail] to obtain the legal representation of his choice."

The State responded that Lira's motion was meritless because regardless of when Lira's first appearance occurred, a trial judge signed Lira's arrest warrant within two days of his arrest. The State further responded that even if the trial court did not timely make a judicial determination of probable cause in violation of K.S.A. 22-2901(1), dismissal of its charges against Lira was an extreme sanction not warranted under the facts of Lira's case.

The trial court held a hearing on Lira's motion. Although Lira's written motion to dismiss focused on a potential violation of the Fourth Amendment at the hearing, Lira also argued that an unnecessary delay between his warrantless arrest and the trial court's probable cause determination at his first appearance violated his rights under K.S.A. 22-2901(1). In the end, however, the trial court denied Lira's motion. The trial court agreed with the State's argument, ruling that a timely judicial determination of probable cause occurred in Lira's case because a trial judge signed Lira's arrest warrant just two days after his warrantless arrest.

After denying Lira's motion to dismiss, the trial court held Lira's jury trial. At the conclusion of his trial, the jury found Lira guilty of aggravated robbery, aggravated assault, and driving with a suspended license. The jury was unable to reach a unanimous verdict on Lira's kidnapping, theft, and criminal damage to property charges. The trial court then sentenced Lira to a controlling term of 259 months' imprisonment followed by 36 months' postrelease supervision.

Lira timely appealed.

Whether a trial court violated a defendant's right to a prompt judicial determination of probable cause following his or her warrantless arrest constitutes a question of law over which this court exercises unlimited review. See *Doe v. Thompson*, 304 Kan. 291, 307, 373 P.3d 750 (2016) (holding that "'[w]hen the application of a statute is challenged on constitutional grounds, [an appellate] court exercises an unlimited, de novo standard of review'"), *overruled on other grounds by State v. Petersen-Beard*, 304 Kan. 192, 377 P.3 1127 (2016); see also *State v. Garcia*, 282 Kan. 252, 260, 144 P.3d 684 (2006) (holding that an appellate court's review over the trial court's denial of a defendant's motion to dismiss hinges on the ground on which the defendant sought dismissal).

Following a warrantless arrest, the Fourth Amendment requires a prompt judicial determination of probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). To be considered prompt for Fourth Amendment purposes, a judicial determination of probable cause must occur within 48 hours of a defendant's warrantless arrest. *McLaughlin*, 500 U.S. at 56-57. Yet, even if a defendant establishes that there was an untimely judicial determination of probable cause following his or her warrantless arrest, the "appropriate remedy for failure to conduct a timely probable cause hearing will depend on the particular facts and circumstances of the case." *State v. Hershberger*, 27 Kan. App. 2d 485, Syl. ¶ 2, 5 P.3d 1004 (2000). Also, in such cases, the "dismissal of charges is an extreme remedy only warranted if the prolonged detention substantially impedes a defendant's ability to prepare a defense." 27 Kan. App. 485, Syl. ¶ 2.

In Kansas, K.S.A. 22-2901(1) also requires the prompt judicial determination of probable cause following a defendant's warrantless arrest. In relevant part, K.S.A. 2020 Supp. 22-2901(1) provides that if the defendant's "arrest has been made on probable cause, without a warrant, he shall be taken without unnecessary delay before the nearest

4

available magistrate and a complaint shall be filed forthwith." Under K.S.A. 22-2901(1), "[w]hether a delay is unreasonable or prejudicial must depend on the facts and circumstances of each case." *State v. Crouch*, 230 Kan. 783, 786, 641 P.2d 394 (1982). Still, K.S.A. 22-2901(1) "provides no sanctions in the event there is unnecessary delay in taking a person under arrest before the nearest available magistrate." *State v. Wakefield*, 267 Kan. 116, 123, 977 P.2d 941 (1999). Furthermore, "[a]n unwarranted delay in taking the accused before a magistrate after he or she has been arrested is not in itself a denial of due process unless it has in some way prejudiced the right of the accused to a fair trial." *Wakefield*, 267 Kan. 116, Syl. ¶ 6.

Thus, regardless of whether a defendant's challenge falls under the Fourth Amendment or K.S.A. 22-2901(1), to be entitled to dismissal of the State's charges based on the trial court's untimely judicial determination of probable cause following a defendant's warrantless arrest, the defendant must prove the following three things: (1) that there was an unnecessary delay in the judicial determination of probable cause following his or her warrantless arrest; (2) that this unnecessary delay prejudiced his or her defense; and (3) that this unnecessary delay prejudiced his or her defense to an extent that the only equitable remedy available is dismissal of the State's charges.

On appeal, Lira argues that the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance violated his rights under the Fourth Amendment and K.S.A. 22-2901(1). In making this argument, Lira concedes that a trial judge signed his arrest warrant two days after his warrantless arrest. Nonetheless, Lira points out that there is no evidence concerning the exact time when the trial judge signed his arrest warrant. As a result, Lira asserts that despite signing his arrest warrant two days after his warrantless arrest, the trial judge may have signed his arrest warrant more than 48 hours after his warrantless arrest. Thus, according to Lira, this means that the record does not definitively establish that the trial court made a prompt

determination of probable cause after his warrantless arrest as required under the Fourth Amendment to the United States Constitution and K.S.A. 22-2901(1).

Alternatively, Lira argues that regardless of when the trial judge signed his arrest warrant, the act of signing his arrest warrant does not satisfy K.S.A. 22-2901(1)'s requirement to have a prompt probable cause hearing before a magistrate judge. Lira then asserts that the trial court's failure to make a prompt probable cause determination following his warrantless arrest prejudiced his defense because it "prevented him from marshalling the resources he needed to secure an attorney and develop a defense." Indeed, the preceding argument is Lira's sole argument about why the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance prejudiced his defense. Nevertheless, there are significant problems with Lira's arguments.

To begin with, Lira argues that the trial judge may have signed his arrest warrant more than 48 hours after his warrantless arrest. The police arrested Lira around 9:30 p.m. on Wednesday, October 17, 2018. Thus, the burden was on Lira to show a *McLaughlin* and a K.S.A. 22-2901(1) violation had occurred between October 17, 2018, and October 19, 2018. Here, it is undisputed that a trial judge signed Lira's arrest warrant at some point on Friday, October 19, 2018. Because Lira has shown no 48-hour violation, he has failed to establish that the trial court made an untimely probable cause determination. See *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602, 647 P.2d 1268 (1982) (holding that "[o]n appeal, error below is never presumed and the burden is on the appellant to make it affirmatively appear").

Next, notwithstanding the preceding problem, Lira's argument concerning how the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance prejudiced his defense is fatally flawed. As the State correctly points out in its brief, even if the trial court's probable cause determination

6

following Lira's warrantless arrest was untimely, the record on appeal entirely undermines Lira's contention that the trial court's untimely determination of probable cause in his case "prevented him from marshalling the resources he needed to secure an attorney and develop a defense."

For example, the record on appeal shows that Lira never retained an attorney to represent him in his criminal case. Instead, appointed counsel represented Lira throughout the pendency of his criminal case. And appointed counsel continues to represent Lira on appeal. Also, although the trial court set Lira's bond at his first appearance at $75,000, it seems Lira lacked the resources to bond out of jail because he remained in jail throughout the pendency of his criminal case. In short, the record on appeal clearly establishes that Lira had no resources available to bond out of jail let alone to retain an attorney to develop his defense.

Based on the preceding, it is readily apparent that Lira's contention that the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance prejudiced his defense because it "prevented him from marshalling the resources he needed to secure an attorney and develop a defense" is meritless. Because Lira is not entitled to any remedy or sanction for the trial court's allegedly untimely determination of probable cause contrary to his Fourth Amendment and K.S.A. 22-2901(1) rights absent a showing of prejudice, Lira's failure to establish prejudice is fatal. See *Wakefield*, 267 Kan. 116, Syl. ¶ 6; *Hershberger*, 27 Kan. App. 485, Syl. ¶ 2.

Finally, it is important to note that in his brief, Lira never explains how the outcome of his case would have been different had he been able to retain counsel during the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance. Nor does Lira allege that his appointed counsel's representation of him was somehow prejudiced by this five-day delay. It is a well-known

rule that "[c]onclusory contentions without evidentiary basis are not sufficient for relief." *Gilkey v. State*, 31 Kan. App. 2d 77, 82, 60 P.3d 351 (2003). In this case, even if we were to ignore the evidence indicating (1) that Lira failed to meet his burden to show that the trial court made an untimely probable cause determination following Lira's arrest and (2) that Lira could not afford to retain an attorney regardless of any untimely judicial determination of probable cause, Lira's argument that the trial court wrongly denied his motion to dismiss would still fail because Lira neither explains nor shows how his inability to retain counsel during the five-day delay between his warrantless arrest and the trial court's probable cause determination at his first appearance actually negatively affected his defense.

Thus, for each of the preceding reasons, we affirm the trial court's denial of Lira's motion to dismiss.

Affirmed.