(933 P.2d 155)
No. 77,024

STATE OF KANSAS, *Appellant*, v. JEFFREY A. NUESSEN, *Appellee*.

Opinion filed February 7, 1997.

*Joe E. Lee*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Steven L. Davis* and *Michael P. Whalen*, of Patton, Davis & Putnam, of Emporia, for the appellee.

Before LEWIS, P.J., KNUDSON, J. and JOHN J. BUKATY, JR., District Judge, assigned.

LEWIS, J.: Defendant is charged with driving under the influence of alcohol (DUI), possession of marijuana, and possession of drug paraphernalia. On the date defendant's trial was scheduled to begin, the trial court suppressed the testimony of one of the witnesses for the State because his police report had only been provided to defendant a day prior to trial. The State appeals from the order of suppression.

The record shows that Officer John Koelsch of the Emporia Police Department was one of one of four officers involved in the arrest of defendant. It appears that on the night in question, defendant managed to drive his pickup truck onto a retaining wall near an embankment on private property. This disabled the vehicle and attracted the attention of the police. After the police arrived and investigated the matter, defendant was arrested, and marijuana and drug paraphernalia were found in, on, and around his pickup.

Prior to trial, defendant filed a discovery request with the State, seeking to be provided with all discoverable items under K.S.A. 22-3212. Pursuant to that request, the State furnished defendant with a number of items, including various police department reports, lab reports, etc.

This appeal involves the police report prepared by Officer Koelsch. Through no fault of its own, the county attorney's office did not receive a timely copy of Officer Koelsch's report. The trial was scheduled to begin on May 16, 1996. On May 13, 1996, the State received a copy of Officer Koelsch's report and placed it in a box reserved for defendant's counsel at the office of the clerk of the district court. Defendant's counsel did not actually receive the report until May 15, 1996, the day prior to trial.

On the day of trial, defendant's counsel made an oral motion to suppress the contents of Officer Koelsch's report. He argued that he had filed a request for production under K.S.A. 22-3212 and that "the statute contemplates that the prosecution must provide such reports if they are in the prosecution's possession or if there

is reasonable grounds to believe that such a report would exist and with some diligence should be retrieved."

The State responded by arguing that defendant was not prejudiced by the late delivery of the report and cited its good faith in providing the report to defendant as soon as it received the report.

The trial court granted defendant's motion to suppress and stated:

"It would seem with the addition of this new material in this report from Officer Koelsch at this late date it would seem to make it [a] more compelling case for the State and noting the statute that has been referenced being 22-3212 (f) and (g) the options for this are certainly for counsel to be given the opportunity to examine it that has been done for the last day. We're now ready to start trial in the matter. The Court may grant a continuance or not permit the evidence to be—or the material to be presented at trial. I'm not inclined to want to continue this case. We need to try it and get rid of it. It would seem with the facts that have been related to me appearing in Officer Koelsch's report that were not suggested in any of the other police reports because of the late filing of those or providing that information to counsel, the Court will not permit that evidence to be presented and we will go ahead and try the case today so the Court will sustain the motion."

Highly summarized, the report of Officer Koelsch states that, at the scene of the arrest, he observed defendant place his left hand in his jacket pocket and then place his hand in the bed of the pickup. The officer perceived that defendant might have been seeking to retrieve a weapon and promptly grabbed defendant's left arm and handcuffed him. The officer then looked in the bed of the pickup, and where defendant's hand had been, found a baggy of marijuana and a pipe.

The statement suppressed deals only with the charges against defendant involving possession of marijuana and possession of drug paraphernalia. The State appeals the suppression of Officer Koelsch's report.

## JURISDICTION

We first deal with the question of jurisdiction.

"The right for the State to appeal is authorized by statute. If no statutory authority for an appeal exists, the appeal must be dismissed." *State v. Ruden*, 245 Kan. 95, 97, 774 P.2d 972 (1989).

K.S.A. 22-3603 permits appellate review of trial court rulings on pretrial motions which may be determinative of the case. *State v. Newman*, 235 Kan. 29, 35, 680 P.2d 257 (1984). Such interlocutory appeals are permitted "only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired," and the State should be prepared to make such a showing where jurisdiction is challenged by the appellee. 235 Kan. at 35.

Defendant suggests that the suppression order did not substantially impair the ability of the State to prosecute him and, as a result, we have no jurisdiction to hear this interlocutory appeal.

We disagree. The observations of Officer Koelsch are of vital importance to the State in proving the drug-related charges against defendant. The exclusion of the testimony of Officer Koelsch seriously complicates the issue as to whether defendant was aware of the offending items in the bed of his pickup. The question is whether the ability of the State to prosecute was substantially impaired or eliminated. We hold that it was so impaired.

This court has jurisdiction to hear the interlocutory appeal by the State.

## DID THE TRIAL COURT ERR IN SUPPRESSING THE EVIDENCE?

The question of whether the trial court erred in suppressing the evidence in question is one of statutory interpretation. The interpretation of a statute is a question of law over which an appellate court exercises unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The trial court's order implies that the State had an affirmative obligation to share its police officer reports with defendant. That is simply not true. There is limited criminal discovery in this state. The order of the trial court imposes an obligation on the State which does not exist.

Defendant and the trial court apparently believed that the report in question was discoverable under K.S.A. 22-3212 and that the State did not comply with provisions of that statute.

It is true that 22-3212(b) authorizes discovery of "books, papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution, and which are material to the case." However, 22-3212(b) goes on to provide:

"Except as provided in subsections (a)(2) [authorizing results or reports of physical or mental exams and of scientific tests and experiments] and (a)(4) [authorizing discovery of memoranda of and lists of witnesses to oral confessions made by the defendant], [22-3212] *does not authorize the discovery or inspection of reports, memoranda or other internal government documents made by officers in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses, other than the defendant, except as may be provided by law.*" (Emphasis added.)

The provisions of the statute quoted above are clear and unambiguous, and the report of Officer Koelsch was not discoverable under 22-3212.

The State argues on appeal, and we agree, that the report of Officer Koelsch falls under K.S.A. 22-3213(1), which provides:

"In any criminal prosecution brought by the state of Kansas, *no statement or report in the possession of the prosecution which was made by a state witness or prospective state witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination at the preliminary hearing or in the trial of the case.*" (Emphasis added.)

Under the circumstances shown, the report of Officer Koelsch was not discoverable. We recognize that this argument was not made to the trial court. Under other circumstances, we may very well have concluded that the argument could not be made on appeal or that the State had invited the error of which it complains. We believe, however, that the error of the trial court is so fundamentally at variance with the law of this state that we must deal with the issue straight on and reverse the order of suppression. We do so in order to correct any misunderstanding that may exist as to the scope of discovery in criminal cases in this state.

"When reviewing a trial court's suppression of evidence, the appellate courts normally give great deference to the factual findings of the trial court. The ultimate determination of the trial court's suppression of evidence is a legal question requiring independent

appellate determination." *State v. Vandiver*, 257 Kan. 53, Syl. ¶ 6, 891 P.2d 350 (1995). Thus, we are able to reach conclusions in this case as a matter of law.

We hold that a written report made by a police officer, who is a prospective witness for the State in a criminal prosecution, is not discoverable until after the officer has testified on direct examination at the preliminary hearing or in the trial of the case. We note that in the matter presently under consideration, there is no indication that Officer Koelsch had ever testified at a preliminary hearing or in the trial of the case. Under these circumstances, it was error to suppress the police report or testimony contained in such report because the State either did not voluntarily provide it to defendant or did not do so within a certain time frame. Under the facts shown, the State was under no obligation to voluntarily provide to defendant a copy of Officer Koelsch's police report.

Defendant suggests the trial court had authority to suppress the report under K.S.A. 60-445. This argument is based on the premise that the trial court may have found that the probative value of the report was outweighed by the risk to defendant caused by undue and unfair surprise. We do not agree. Such an approach would basically repeal 22-3213 and establish criminal discovery obligations not contemplated by the statutes of this state. Since defendant was not entitled to a copy of the police report in question, it seems very doubtful that one could reason that he was unfairly or unduly surprised to the extent that the report should be suppressed.

Defendant next argues the report contained exculpatory evidence which the State had an independent duty to provide to him. We agree with defendant that a prosecutor has a duty, "independent of court order, to disclose exculpatory evidence to the defendant." *State v. McIntyre*, 259 Kan. 488, 496, 912 P.2d 156 (1996).

Exculpatory evidence is evidence which "tends to disprove a fact in issue which is material to guilt or punishment" of a defendant. *State v. Carmichael*, 240 Kan. 149, 153, 727 P.2d 918 (1986). In some cases, exculpatory evidence may include evidence bearing on the credibility of a key witness. *State v. Kelly*, 216 Kan. 31, 36, 531 P.2d 60 (1975). We see none of those exculpatory elements in the evidence in question.

In order to justify taking punitive action against the State for failing to disclose exculpatory evidence, the evidence must be clearly exculpatory, and its withholding must be clearly prejudicial to the defendant. *State v. Carmichael*, 240 Kan. 149, Syl. ¶ 1.

In this case, there is nothing in the evidence suppressed which is clearly exculpatory. In addition, we find it difficult to believe that defendant was clearly prejudiced by the withholding of evidence of which he had to have been aware since the facts in question took place in his presence. Defendant makes a variety of attempts to label the evidence in question as exculpatory, but those attempts are without merit.

In addition, we note the evidence in this case was not withheld from defendant. It was disclosed, but not in a timely manner according to the trial court. In our judgment, the proper method in dealing with something of this nature would be to grant a continuance. There is, in any event, no basis in the record on which we can conclude that the evidence in question should have been suppressed because it was exculpatory.

This case must now be remanded for trial. On remand, defendant will have had ample time to consider the impact of the potential testimony of Officer Koelsch. The trial court's order of suppression is reversed, and the matter is remanded for a trial on the merits consistent with this opinion.

Reversed and remanded.