No. 80,459

STATE OF KANSAS, *Appellant,* v. BRYCE LEON DAVIS, *Appellee.*
(972 P.2d 1099)

Opinion filed January 22, 1999.

*Joe Shepack*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

*Michael S. Holland II*, of Russell, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The State of Kansas appeals from the dismissal with prejudice of all charges against the defendant, Bryce Leon Davis, as a sanction imposed by the district court, which held the prosecutor in contempt of court for failure to comply with its discovery order. We affirm in part, reverse in part, and remand for further proceedings.

On February 22, 1997, the defendant was arrested and charged with driving under the influence of alcohol and driving left of center. Prior to trial, defense counsel filed a motion for production with the district court asking that the State be ordered to produce the following documents: (1) the certification from the Kansas Department of Health and Environment on the solution used to test the defendant's breath, and (2) weekly test results of the Intoxilyzer 5000 for December, January, February, and March used to test the defendant's breath.

There is no dispute that the documents requested were relevant and subject to discovery. At the hearing, defense counsel asked that the county attorney supply the requested documents. The county attorney, however, replied that while defense counsel was

more than welcome to go to the sheriff's office and inspect the logs and the certification, the county attorney would not photocopy the information and send it to defense counsel.

The following exchange then occurred:

"[Court]: Let me go ahead and rule on this. This comes up in other instances, also, and so I'm going to just request, [Mr. Shepack], that you provide this to [defense counsel] for the time frame that we have. I mean, this is no big deal that they can go ahead and copy those—the log that they have at the sheriff's office and the certification and the affidavit.

"[Prosecutor]: Judge, I'm going to respectfully decline.

"[Court]: Well, I'm going to order you to do that.

"[Prosecutor]: And I will respectfully decline.

"[Court]: Mr. Shepack, I don't think that we would want me to have to hold you in contempt. This is not—

"[Prosecutor]: Your Honor, if you held me in contempt, I would—

"[Court]: —the reason why I am doing this.

"[Prosecutor]: "I'm not Tinkel's Copy Service."

The court then indicated that while it did not believe that the county attorney was a copy service, the request was not a burden on the State and the information was easily obtained by making a telephone call to the sheriff's office. The court then ordered that the requested information be sent within 5 days. Once again, however, the county attorney objected:

"Well, Your Honor, again, I'll respectfully decline. I'll relate the matter to the sheriff's office. If they want to copy it, fine. I believe our obligation is to only make items available, which we will do. Other attorneys go over there to look at the logbook, you know. That's life."

The court then reiterated its order.

The requested information was not provided by the county attorney. Instead the county attorney filed a response with the court indicating that it would not comply with the order. In his response, the county attorney argued that K.S.A. 22-3212 required only that it permit the defendant to inspect, copy, or photograph the documents, and the State was not required to make copies and send them to the defendant. The county attorney noted that he had earlier provided copies of the police report and supporting documents to the defendant as a courtesy but would not be providing the information ordered by the court. In closing, the county attor-

ney stated that he would "endure the contempt citation and/or dismissal and take the appropriate appeal."

A contempt hearing was held November 20, 1997. At the hearing, the county attorney reiterated his position. The district court then entered the following order:

"Now, on this 20th day of November, 1997, comes on for hearing the defendant's motion to find the State of Kansas/Joe Shepack in contempt of court. The defendant appears by his counsel, Michael S. Holland, Russell, Kansas. The State of Kansas appears by Joe Shepack, Ellsworth County Attorney, Ellsworth, Kansas.

"Thereupon, the Court inquires of the State of Kansas/Joe Shepack the reason or reasons that the State has failed to comply with the Court's discovery order and produce the items ordered to be produced on or before November 18, 1997. "The State's counsel replies that he has filed a written response to the Court's discovery order.

"The Court requests the State explain its actions verbally to the Court.

"Thereupon, after the State makes its argument to the Court and defendant responds thereto, the Court finds that the State of Kansas and/or Joe Shepack, County Attorney, Ellsworth County, Kansas, are in contempt of the Court's order and violated the Court's order by failing to submit the items identified in the Court's order of November 13, 1997, to defendant's counsel on or before November 18, 1997.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that the State of Kansas and/or Joe Shepack are in contempt of this Court's order of November 13, 1997, that the appropriate sanction for said contempt is dismissal with prejudice of the above-entitled matter.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT that based upon the willful and contemptuous refusal of the State and/or Joe Shepack, Ellsworth County Attorney, to comply with the Court's November 13, 1997, discovery order, the above-entitled matter is dismissed with prejudice."

The State appeals. Our jurisdiction is based on K.S.A. 22-3602(b)(1), which allows the State to appeal directly to the Supreme Court from an order dismissing a complaint, information, or indictment.

Analysis and Discussion

Discovery Order

K.S.A. 22-3212 provides, in pertinent part:

"(a) Upon request, the prosecuting attorney shall permit the defendant to inspect and copy or photograph the following, if relevant: . . . (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney. . . .

"(b) Upon request, the prosecuting attorney shall permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution, and which are material to the case and will not place an unreasonable burden upon the prosecution."

There is no dispute that the items ordered produced in this case were subject to discovery and in possession of the State. The State's sole argument is that the trial court lacked the authority under K.S.A. 22-3212 to order the documents mailed to defense counsel. The interpretation of a statute is a question of law, over which this court has unlimited review. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

While the provisions of K.S.A. 22-3212 require the State to permit defense counsel to inspect, copy, or photograph such documents, we have long held that K.S.A. 22-3212 places in the trial court a broad discretion to require disclosure of documents and other tangible objects which may be in the possession or under the control of the prosecution. *State v. Brinkley*, 256 Kan. 808, 819, 888 P.2d 819 (1995); *State v. McQueen & Hardyway*, 224 Kan. 420, 430, 582 P.2d 251 (1978); *State v. Rogers*, 217 Kan. 462, 466, 537 P.2d 222 (1975); *State v. Hill*, 211 Kan. 287, 294, 507 P.2d 342 (1973). In *Hill*, we noted:

"K.S.A. 1972 Supp. 22-3212, places broader discovery within the discretion of the trial court and we urge the trial courts to use these discretionary provisions to effect economies in time, money, and judicial and professional talents, and to permit thorough preparation for trial on both sides. The intent of the code of criminal procedure is to be effected by prosecutors, trial courts, and defense attorneys construing its provisions to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. (K.S.A. 1972 Supp. 22-2103.)" 211 Kan. at 293-94.

K.S.A. 22-3212 is based on Fed. R. Crim. Proc. 16. See *State v. Jones*, 209 Kan. 526, 528, 498 P.2d 65 (1972). The Federal Advisory Committee, in its notes on Rule 16, states:

"[Rule 16] is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases. For example, subdivision (a)(3) is not intended to deny a judge's discretion to order disclosure of grand jury minutes where circumstances make it appropriate to do so." Federal Advisory Committee's Notes on 1974 Amendment on Rule 16.

Federal courts interpreting Rule 16 have held that it is within the sound discretion of the district judge to make any discovery order that is not barred by higher authority. See *United States v. Campagnuolo*, 592 F.2d 852, 857 n.2 (5th Cir. 1979); *United States v. Sawyer*, 831 F. Supp. 755, 757 (D. Neb. 1993).

The State argues that recent opinions by the Court of Appeals have limited the district court's discretion in this area, citing *In re J.T.M.*, 22 Kan. App. 2d 673, 922 P.2d 1103 (1996), and *State v. Nuessen*, 23 Kan. App. 2d 456, 933 P.2d 155 (1997). Neither of these cases support the State's argument. *J.T.M.* concerned the question of whether the trial court erred in refusing to require the State to produce the past medical records of the crime victim. The Court of Appeals noted that the crime victim was not a party to the action and there was no showing that the State had access to the records or that the records were under control of the State. Therefore, according to the Court of Appeals, the court was correct in finding that it had no jurisdiction to order the records to be produced, although they could be subpoenaed by the defense counsel. 22 Kan. App. 2d at 679. In this case, there is no question that the requested documents were in the possession of the State.

The question in *Nuessen* was whether the district court could order production of a police report before trial even though K.S.A. 22-3213 expressly provided that the report was not discoverable until after the officer had testified. Unlike the instant case, the statute applicable in *Nuessen* prohibited discovery. Under those circumstances, the Court of Appeals correctly concluded that the district court was bound to follow K.S.A. 22-3213. 23 Kan. App. 2d at 460.

We conclude that the order in this case, requiring the county attorney to mail documents to the defendant, was a valid order within the discretion of the trial court. Rulings of the trial court on

a defendant's motion for discovery of evidence in the State's possession are within the discretion of the trial court and will be set aside only upon a showing of abuse of that discretion. *Rogers*, 217 Kan. at 466. In this case, we conclude that the State has not demonstrated that the trial court abused its discretion in issuing its discovery order. The material requested comprised a mere five pages which could easily have been copied and sent by the State. Such action was not oppressive and was reasonable in light of the fact that defense counsel was some 45 miles away from the place where the records were kept. The order was well within the trial court's discretion in order "to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." *Hill*, 211 Kan. at 294. The district court's order was not an abuse of discretion.

Contempt Order

K.S.A. 22-3212(g) states that where a party fails to comply with a discovery order, the court may "order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances." In this case, upon the hearing of the discovery motion filed by the defendant the trial court in open court first requested that the county attorney provide the items requested to defense counsel. However, the State through the county attorney respectfully declined. The court reminded the county attorney that he would not want the court to have to hold him in contempt. The county attorney then advised the court that he was not a "Tinkel's Copy Service." At this time in open court the district court, after discussing the ease with which copies could be provided by counsel and the lack of any burden in providing the items requested, ordered the county attorney to provide the items by November 18, 1997. The county attorney again refused.

Instead of complying with the trial court's order, the county attorney responded in writing, arguing that K.S.A. 22-3212 did not require him to comply. Upon written motion for contempt and after notice to the county attorney, a hearing was held in open

court. The county attorney again refused to comply with the trial court's order. Based upon this "willful and contemptuous refusal" the trial court entered an order finding the county attorney in contempt of court.

In *Hendrix v. Consolidated Van Lines, Inc.*, 176 Kan. 101, 109, 269 P.2d 435 (1954), we quoted 12 Am. Jur., Contempt § 6, p. 392, for the following proposition:

" 'Proceedings for contempt are of two classes—namely, criminal and civil. Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the courts and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial, and coercive in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the suits were instituted.' "

We noted in *Hendrix* that the precise distinction between civil and criminal contempt is not always easy to define, in that particular contempt may take on some of the qualities and aspects of either contempt depending on the facts of the case. 176 Kan. at 109. See *State v. Jenkins*, 263 Kan. 351, 358-59, 950 P.2d 1338 (1997).

In this case, while the order deals with discovery, the order was entered in open court directly to the county attorney. The county attorney refused to comply. He again refused to comply after being given an final opportunity to explain reasons for his noncompliance in open court. We are satisfied as indicated by the trial court's order that this conduct was "willful and contemptuous" and more in the nature of criminal contempt. The refusal of the county attorney to obey the order of the trial court in this case was an affront to the dignity and authority of the court and tended to obstruct the administration of justice. As such, the action of the county attorney constituted criminal contempt. See *State v. Pondexter*, 225 Kan. 425, 429, 590 P.2d 1074 (1979). We therefore affirm the trial court's order finding the county attorney in contempt of court for his willful and contemptuous refusal to comply with a valid discovery order entered under the provisions of K.S.A. 22-3212.

### Sanctions

Punishment and deterrence are valid and important considerations in selecting a sanction against a prosecutor for his or her failure to provide ordered discovery. Sanctions imposed by a trial court for contempt of court within the course of a criminal proceeding are matters left to the sound discretion of the trial court and will be set aside on appeal only in cases where it is demonstrated that the court has abused its discretion. *Rogers*, 217 Kan. at 466.

In this case, the trial court elected to dismiss the charges with prejudice for the refusal of the county attorney to comply with its lawful discovery order entered in open court on the record. Dismissal of charges oftentimes punishes the public, not the prosecutor, and creates a windfall to the defendant. See *State v. Theriault*, 590 So. 2d 993, 996 (Fla. App. 1991). The discretion afforded a trial judge is not unlimited. Where there has been no showing that the defendant suffered actual prejudice as a result of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exists for the violation, dismissal of pending charges may constitute an abuse of discretion by the trial court. *State v. Ramos*, 83 Wash. App. 622, 637, 922 P.2d 193 (1996).

This court has held that "[a] dismissal with prejudice is a very drastic sanction to impose in a criminal case. Such sanction should not be imposed if a lesser sanction would accomplish the desired objective." *State v. Clovis*, 248 Kan. 313, 331, 807 P.2d 127 (1991). There has been no showing in this case that the defendant suffered actual prejudice as a result of a prosecutor's misconduct. Alternative means to sanction the county attorney directly in a manner that did not involve the public were available to the court. Under the circumstances, we conclude that the sanction of dismissal with prejudice was an abuse of discretion on the part of the trial court. In reaching this result, we affirm the concept that sound policy considerations favor resolution of criminal charges on their merits. See *State v. Musumeci*, 717 A.2d 56, 63 (R.I. 1998).

We do not mean to minimize the actions of the county attorney in this case by our decision. In *State v. Sullivan & Smith*, 210 Kan. 842, 847, 504 P.2d 190 (1972), we noted:

"We cannot refrain from re-emphasizing, however, that a discovery order entered by the court is not to be taken lightly by a member of the bar. Once an order has been made directing discovery, counsel has a continuing obligation to see that its terms are carried out in utmost good faith."

Here, the trial court correctly found that the refusal by the county attorney was willful and contemptuous. Under such circumstances this refusal, as indicated above, constitutes criminal contempt, authorizing the court to enter sanctions that will vindicate the court's dignity and authority. The primary purpose of any such sanction is to vindicate the authority of a court.

Kansas law authorizes the court to take action against the prosecutor personally through its contempt power as well as referring the attorney to the office of the Disciplinary Administrator for appropriate action. In extreme cases where counsel persists in a willful and contemptuous violation of a valid court order and no other lesser punishment will vindicate the court's dignity and authority, a punitive judgment may be imposed. *Pondexter*, 225 Kan. at 429. A trial judge must choose a sanction sufficiently potent to achieve the goals of restoring the dignity and authority of the court and one that is in proportion to the contemptuous conduct. Punishment in appropriate cases may include a sentence to confinement. Any sentence imposed must be determinate and may also include conditions to allow for an earlier termination of the sentence upon certain actions being taken by counsel to comply with the order previously violated. See 17 Am. Jur. 2d, Contempt § 232, p. 584.

Upon the record we affirm the trial court's order finding the prosecutor in contempt of court. However, we reverse the trial court's sanction of dismissal with prejudice and remand this case for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.