NOT DESIGNATED FOR PUBLICATION

No. 112,873

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

ANDY L. STUFFLEBEAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed October 30, 2015. Affirmed.

*Bethany J. Graves*, assistant county attorney, *Jason W. Belveal*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*: A magistrate judge in the District Court of Jefferson County dismissed with prejudice a traffic citation against Andy L. Stufflebean because the State's witness and issuing officer, Kansas Highway Patrol Trooper Jacob Moomau, failed to appear for the bench trial in response to a subpoena. The State appealed to the district court which affirmed. The State now appeals to this court, arguing the magistrate judge erred in dismissing the charge against Stufflebean with prejudice. Because we find the district court did not abuse its discretion in dismissing the case with prejudice, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Moomau issued Stufflebean a citation for following too closely in violation of K.S.A. 8-1523(a). At the first appearance before a magistrate judge of the Jefferson County District Court on August 25, 2014, Stufflebean personally appeared, pled not guilty, and requested a bench trial.

On September 16, 2014, Stufflebean appeared pro se at the bench trial, but the State's witness—Moomau—failed to appear. The State requested a continuance, which the magistrate judge denied after Stufflebean objected. Due to Moomau's absence, the State moved to dismiss the action against Stufflebean without prejudice. At the time the State made its motion, it was unsure whether the subpoena to appear had been served on Moomau. The magistrate judge, apparently assuming that Moomau may not have been served with the subpoena, granted the State's motion to dismiss without prejudice. However, after the dismissal was granted, it appears the magistrate judge learned that Moomau had been served with the subpoena and changed the order to a dismissal with prejudice. The record on appeal lacks a transcript of this hearing. The only documentation of the bench trial and resulting dismissal in the record is the magistrate judge's order to dismiss.

The State filed a notice of appeal on September 16, 2014, and a motion to overturn the magistrate judge's order based on legal error on September 24, 2014. On November 20, 2014, the case was reviewed by a district judge of the same judicial district, and Stufflebean again personally appeared at the hearing. The State argued that dismissal with prejudice was legally inappropriate because the magistrate judge lacked jurisdiction to change the original order. The district judge found it was in the best interest of justice and economy that the case should be dismissed with prejudice.

The State timely appeals.

2

The State argues the magistrate judge erred in dismissing the case with prejudice. Specifically, the State asserts: (1) Stufflebean would have suffered no prejudice in being required to appear for a second bench trial; (2) dismissing the case without prejudice would have protected the interests of justice because the State would have had the discretion to refile the charge against Stufflebean depending on Moomau's reason for failing to attend the bench trial; and (3) the magistrate judge provided no record to support the decision to dismiss with prejudice.

Another panel of this court recently set out the applicable standard of review when a district court dismisses a criminal charge with prejudice:

> "An appellate court reviews a district court's dismissal of criminal charges for an abuse of discretion. *State v. Boehmer*, 41 Kan. App. 2d 598, 602, 203 P.3d 1274 (2009) (citing *State v. Clovis*, 248 Kan. 313, 331, 807 P.2d 127 [1991]). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012)." *State v. Smith*, No. 112,530, 2015 WL 4580440, at *4 (Kan. App. 2015) (unpublished opinion).

Our Supreme Court has explained the circumstances under which a district court properly dismisses a criminal complaint with prejudice in *State v. Bolen*, 270 Kan. 337, 342-43, 13 P.3d 1270 (2000):

> "We have recognized that in a proper case, a trial court has the power to dismiss a criminal complaint with prejudice if the interests of justice require such action. *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982). However, such power should be exercised with great caution and only in cases where no other remedy would protect against abuse. 230 Kan. at 788. Dismissal with prejudice should be used only in extreme

3

circumstances. *State v. Winter*, 238 Kan. 530, 534, 712 P.2d 1228 (1986). Dismissal of charges oftentimes punishes the public rather than the prosecutor and creates a windfall for the defendant. *State v. Davis*, 266 Kan. 638, 646, 972 P.2d 1099 (1999). Where there has been no showing that the defendant suffered actual prejudice as a result of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exist for the violation, dismissal of pending charges with prejudice may constitute an abuse of discretion by the trial court. 266 Kan. at 646."

Here, the record on appeal reflects that the magistrate judge dismissed the charge against Stufflebean with prejudice because the trooper who issued the traffic citation failed to attend the bench trial. While there is no transcript of the original bench trial in the record, the district judge affirmed the magistrate judge's dismissal in part because Stufflebean had driven over an hour each way to appear in the Jefferson County District Court two previous times—once for the first appearance and once for the bench trial at which Moomau was absent.

It was not unreasonable for the magistrate judge to find that requiring Stufflebean to appear in court yet again was prejudicial to him, especially after he needlessly traveled to Jefferson County at least one other time due to the trooper's failure to attend the bench trial. It is also reasonable not to require a defendant to travel multiple times in order to resolve a traffic infraction when the issuing officer failed to attend the bench trial with no excuse. Also significantly, the magistrate judge's decision did not punish the public and it did not create windfall for Stufflebean. The charge against Stufflebean was not for a violent or especially dangerous offense, meaning he was not an appreciable danger to the public. Stufflebean at most faced a fine if found guilty, meaning he did not gain a substantial windfall through the dismissal when compared to other hypothetical defendants facing prison sentences or large restitution obligations.

For the above reasons, we conclude the magistrate judge did not abuse his discretion when he dismissed the State's case against Stufflebean with prejudice because

it cannot be said that no reasonable judicial officer would have come to the same conclusion. See *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009) ("If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.").

Affirmed.