NOT DESIGNATED FOR PUBLICATION

No. 121,503

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MICHAEL GLEN MULLENEAUX II,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed August 13, 2021. Reversed and remanded.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: The morning a jury had been called to hear the case against Michael Mulleneaux for felony possession of marijuana and a companion charge of misdemeanor possession of paraphernalia the Geary County District Court dismissed the action with prejudice as a discovery sanction because the State failed to timely provide the defense with a chemist's report on testing establishing the illicit character of the key evidence—a pipe with residue in it. The State has appealed the dismissal. Consistent with controlling Kansas Supreme Court authority, we find the district court stepped outside the governing legal framework to impose a sanction precluding further prosecution of Mulleneaux and, therefore, abused its discretion. We reverse the dismissal and remand to the district court

1

to consider alternative sanctions and to otherwise proceed with the case consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

Given the procedural fulcrum on which this appeal rests, the facts underlying Mulleneaux's arrest in July 2018 are largely beside the point. A Junction City police officer stopped Mulleneaux for a traffic offense and discovered a pipe of the kind commonly used to smoke marijuana. The pipe had noticeable burn residue in it. The officer confiscated the pipe. The pipe was submitted to the Kansas Bureau of Investigation for testing. A KBI chemist determined the residue contained the active ingredient in marijuana. The chemist prepared a report to the Geary County Attorney's office to that effect and was ready to testify as a State's witness during the trial.

The State charged Mulleneaux with possession of marijuana based on the residue—a felony because he already had two convictions for possession—and misdemeanor possession of paraphernalia for having the pipe. Early in the case, Mulleneaux's court-appointed lawyer faxed a request to the County Attorney's office for discovery that included the lab report. See K.S.A. 2020 Supp. 22-3212(a). The County Attorney did not produce the chemist's report in response to the discovery request.

For reasons irrelevant to this appeal, the district court held two preliminary hearings on the marijuana possession charge. At each hearing, the prosecutor offered and the district court admitted as evidence the chemist's report. Mulleneaux's lawyer saw the report each time but was not given a copy. A week before the trial in June 2019, the lawyer went to the County Attorney's office and reviewed the prosecution file. The file did not contain the chemist's report. The Friday before the trial was to start, Mulleneaux's lawyer filed a motion in limine to preclude the State from offering the chemist's report as

2

trial evidence and calling the chemist as a witness. After receiving the motion, the prosecutor located a copy of the report and emailed it to the lawyer over the weekend.

The following Monday when the trial was to begin, the district court took up the motion in limine. Mulleneaux's lawyer submitted she would have liked to speak with the chemist before trial and could not have effectively discussed the matter with the chemist without the report. The lawyer didn't explain what exactly might have come of the conversation that would have advanced Mulleneaux's defense. And Mulleneaux never sought to have the pipe tested by an independent lab, suggesting he didn't intend to contest the results in the report. In short, the lawyer argued the County Attorney failed to comply with a proper discovery request and should be sanctioned accordingly. The lawyer said she had problems with discovery in other cases but cited no examples.

The prosecutor countered that the County Attorney's office had lots of active cases and lots of reports and other materials in those cases and sometimes reports didn't get filed where they should. He submitted there was no actual harm in this case, since Mulleneaux's lawyer had seen the chemist's report at the preliminary hearings and had been given a copy over the weekend. Although the prosecutor suggested a trial continuance as a possible remedy for the late production of the report, neither Mulleneaux's lawyer nor the district court directly responded to the suggestion.

After a short recess, the district court entered a ruling from the bench granting the motion in limine and prohibited the State from introducing the report or calling the chemist as a witness during the trial. The district court explained that Mulleneaux's lawyer had lodged a proper discovery request early in the case, never received the chemist's report in response, and couldn't find the report in the prosecution file when she reviewed it shortly before trial. The district court did not rely on or even mention other purported discovery problems.

3

The prosecutor then made an oral motion for an order dismissing the case without prejudice. Mulleneaux's lawyer objected and countered that a dismissal without prejudice would amount to no discovery sanction at all because the State would simply refile the charges. The district court revised its oral ruling and dismissed the case with prejudice, effectively barring any further prosecution of Mulleneaux on the charges. The prosecutor did not ask the district court to reinstate its earlier ruling on the motion in limine.

The State has filed a notice of appeal from the dismissal of the complaint against Mulleneaux with prejudice. See K.S.A. 2020 Supp. 22-3602(b)(1) (State may appeal dismissal of complaint).

LEGAL ANALYSIS

District courts have broad authority to enter orders remedying discovery violations. See K.S.A. 2020 Supp. 22-3212(i); *State v. Miller*, 308 Kan. 1119, 1175, 427 P.3d 907 (2018). We review discovery sanctions for abuse of judicial discretion. 308 Kan. at 1175. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

At the same time, however, the Kansas Supreme Court has recognized that the dismissal of criminal charges, especially felonies, with prejudice entails a uniquely harsh sanction against the State. *State v. Bolen*, 270 Kan. 337, 342-43, 13 P.3d 1270 (2000). The remedy precludes further prosecution of an alleged criminal wrongdoer notwithstanding the strength of the admissible evidence against him or her. As such, the dismissal imposes a sanction not only against the prosecutor but the people of the state in whose name the prosecutor acts. A district court should impose a dismissal with prejudice

4

only as a sanction of last resort. The *Bolen* court outlined the legal framework governing sanctions in criminal cases this way:

> "We have recognized that in a proper case, a trial court has the power to dismiss a criminal complaint with prejudice if the interests of justice require such action. *State v. Crouch & Reeder,* 230 Kan. 783, 788, 641 P.2d 394 (1982). However, such power should be exercised with great caution and only in cases where no other remedy would protect against abuse. 230 Kan. at 788. Dismissal with prejudice should be used only in extreme circumstances. *State v. Winter,* 238 Kan. 530, 534, 712 P.2d 1228 (1986). Dismissal of charges oftentimes punishes the public rather than the prosecutor and creates a windfall for the defendant. *State v. Davis,* 266 Kan. 638, 646, 972 P.2d 1099 (1999). Where there has been no showing that the defendant suffered actual prejudice as a result of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exist for the violation, dismissal of pending charges with prejudice may constitute an abuse of discretion by the trial court. 266 Kan. at 646." *Bolen,* 270 Kan. at 342–43.

Here, we necessarily conclude the district court stepped outside the governing legal precepts to dismiss the charges against Mulleneaux with prejudice. First, the more serious charge was a felony, and that alone weighs against dismissal with prejudice. Second, Mulleneaux has not demonstrated any actual prejudice in the sense the late production of the chemist's report somehow materially compromised his contemplated trial defense. Finally, the district court did not find contumaciousness on the prosecutor's part either in this case or across a series of cases. We, therefore, reverse the district court's dismissal order and remand with directions to reinstate the complaint against Mulleneaux. On remand, the district court may revisit Mulleneaux's motion in limine to consider whether an alternative sanction would be appropriate.

In addition to arguing the district court erred in dismissing the case with prejudice, the State submits no sanctions were proper. The State notes the district court never

5

entered a discovery order in this case. But violation of a court order is not a necessary condition for discovery sanctions under K.S.A. 22-3212. As provided in K.S.A. 2020 Supp. 22-3212(a), a prosecutor must "upon request" permit discovery of reports of scientific tests, among other things. Mulleneaux's lawyer lodged such a request, and the chemist's report entails scientific testing. In turn, K.S.A. 22-3212(i) permits a district court to impose sanctions when a party "has failed to comply with this section *or* with [a court] order." (Emphasis added.) The absence of a discovery order does not preclude a district court from imposing some remedy for a failure to comply with a statutorily proper request made in conformity with K.S.A. 22-3212(a). To be sure, the repeated flouting of discovery orders might be a circumstance requiring not only some remedy but the ultimate remedy of dismissal with prejudice. See *State v. Clovis*, 248 Kan. 313, 330-31, 807 P.2d 127 (1991). That case, however, is not this case.

Reversed and remanded with directions to reinstate the complaint and proceed with the case in a manner consistent with this opinion.

***

ATCHESON, J., dissenting:  I respectfully dissent and would find the district court did not abuse the exceptionally broad authority embodied in judicial discretion when it dismissed this case with prejudice for the State's discovery violation. Although I might not have taken the same dramatic step, that is not the test for abuse of judicial discretion. See *State v. Demoss*, No. 122,127, 2021 WL 935728, at *2 (Kan. App. 2021) (unpublished opinion) ("'Disagreement with the district court—even strong disagreement—doesn't translate to an abuse of discretion.'") (quoting *State v. Smith*, No. 112,530, 2015 WL 4580440, at *10 [Kan. App. 2015] [unpublished opinion] [Atcheson, J., concurring in part and dissenting in part]). I am heavily guided here by my separate opinion in *Smith*.

In *Smith*, the district court dismissed with prejudice charges for misdemeanor possession of marijuana and paraphernalia because the State lacked a sworn complaint from the charging law enforcement officer and, therefore, could not proceed when Smith timely appeared for his arraignment. Given the circumstances—that Smith had shown up as required and the nature of the alleged crimes—I would have found no abuse of discretion in the district court's dismissal order. My colleagues disagreed.

There are two principal factual differences between *Smith* and this case. First, the State's failure there was not a discovery violation but an inability to go forward with the arraignment. I see little material distinction on that basis. If anything, the State's very late production of the chemist's report may be more difficult to justify, since Mulleneaux's lawyer had made a proper statutory request for discovery and had undertaken at least a modest effort to track down the chemist's report notwithstanding the prosecutor's failure to provide it. But the record does not demonstrate actual prejudice to any defense Mulleneaux might have asserted.

Mulleneaux had been released on bond, so he wasn't in jail awaiting trial. But he still had to appear in district court for various hearings and the trial. Smith was similarly personally inconvenienced by having to travel from Topeka to Oskaloosa for his arraignment and would have had to repeat that exercise had the district court continued the proceedings against him. Continuing that case or this one would not entail what might be characterized as a grave or even especially significant personal imposition on the defendants.

More significantly, Mulleneaux faced a felony marijuana possession charge. The complaint alleged he had two earlier convictions for possession. Smith had been charged with a misdemeanor. I suppose a recidivist marijuana user is more blameworthy than a first offender. But, as I explained in *Smith*, simple possession of marijuana is a comparatively benign offense:  It involves no impermissible physical contact with

7

another person, threats of harm, or deprivation or interference with someone else's property. 2015 WL 4580440, at *9. And that is a significant factor bound up in the exercise of judicial discretion in sanctioning the State.

I conclude by repeating what I said in *Smith*, since it remains true some 10 years into my tenure as an appellate court judge: "I have regularly voted to affirm district court rulings I *know* I would not have made were I sitting on the trial bench simply because our standard of review required an abuse of discretion to reverse." 2015 WL 4580440, at *10. This is another one of those cases. Given the exceptionally deferential standard of review we are to apply, I would affirm the district court.