No. 63,986

STATE OF KANSAS, *Appellant*, v. DIANA SUE WEIS, *Appellee.*

(792 P.2d 989)

Opinion filed May 25, 1990.

*Brenda K. Gillette*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with her on the brief for appellant.

*Bruce Kent*, of Salina, argued the cause, and *Ronald Barta*, of Barta & Barta, of Salina, was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State (K.S.A. 22-3602[b][1]) from the trial court's dismissal of the two counts against Diana Sue Weis, one of three individuals charged with various drug related crimes in a multi-count complaint. The trial court determined that the detention of Weis by law enforcement officers was a warrantless arrest lacking in probable cause which required the charges against Weis to be dismissed.

At 3:00 p.m. on April 8, 1989, surveillance of 816 State Street, Salina, was established as part of a drug investigation of Robert Michael Loop and Douglas Martin Smith. When Loop and Smith departed the State Street residence, Detective Augustine followed them to the Green Lantern, where the officer arrested them. Subsequent to the arrest of Loop and Smith, Officer Soldan, to protect evidence believed to be in the house, secured the 816 State Street residence at 3:20 p.m. until a search warrant could be obtained.

At 5:52 p.m, when Diana Sue Weis arrived at the residence she shared with Smith, she was stopped by Officer Soldan and informed that, if she attempted to enter the residence before the search warrant was obtained, she would be arrested. After instructing Weis to go to the police station to get Smith, Officer Soldan required Weis to wait until an officer he summoned to escort her to the police station had arrived.

Upon arrival at the police station at 6:00 p.m, the escorting officer instructed Weis to lock her car; he then escorted her into the station. Weis was buzzed through an electronically locked door and met by Officer Fiske, who placed her in a glass room which cannot be unlocked from the inside without a key.

At the hearing on Weis' motion to dismiss, Weis testified that around 6:30 p.m., Fiske searched her purse and took her driver's license and keys. A short time later, Officer Fiske read her the *Miranda* rights, but he refused her request for an attorney and several requests to use the phone. Fiske testified that he did not recall if Weis had requested an attorney or asked to use the phone, nor did he remember searching her purse for the keys or how he obtained the keys to her house. Because Weis had been placed in a locked room, she was required to request permission in order to use a restroom. An hour and a half after her request, accompanied by a matron who constantly observed her, she was allowed to use the restroom. Officer Augustine did not recall this incident. When asked if she was under arrest, Weis was told she was under observation.

Around 9:40 p.m, Weis was taken by the officers to her residence and held while they conducted the search. At the residence, Weis' request to use the phone was again refused. After Weis admitted that some of the marijuana and drug paraphernalia found during the search of the home was hers, Officer Marshall arrested her. Around midnight, Weis was booked into the county jail, charged with possession of marijuana (K.S.A. 1988 Supp. 65-4127b[a][3]) and possession of drug paraphernalia (K.S.A. 65-4152), and then allowed to contact her attorney.

Prior to arresting Weis, the police officers never informed her that she was free to leave. Neither the original investigation reports of the officers nor the affidavit for the search warrant included any statement of suspicious activity by Weis. The officers

acknowledged that, until Weis admitted possession of the marijuana and drug paraphernalia, they never had probable cause or reasonable suspicion to arrest her.

Prior to trial, Weis' attorney filed motions to quash the search warrant and to dismiss the charges against his client because of an illegal arrest. The district court denied the motion to quash the search warrant but, based on the testimony, found the detention of Weis was an illegal arrest and dismissed the charges against her. The State appeals the trial court's dismissal of the misdemeanor charges.

Weis' motion requested dismissal of the charges because the officers did not have probable cause to arrest her; however, both the State's and Weis' briefs focus on whether any evidence was improperly obtained after an illegal arrest.

Though the district court stated it was dismissing the complaint, in actuality it granted Weis' motion by suppressing her incriminating statements. A trial judge's characterization of his own action does not always control the classification of the action. *State v. Ruden,* 245 Kan. 95, 99, 774 P.2d 972 (1989); *State v. Whorton,* 225 Kan. 251, 254, 589 P.2d 610 (1979).

Prior to trial a defendant may move to suppress as evidence any confession or admission given by him or her on the ground that it is not admissible as evidence. If the written motion alleges grounds which, if proved, would show the confession or admission not to be admissible, the court conducts a hearing. The burden of proving that a confession or admission is admissible is on the prosecution. K.S.A. 22-3215(4). When a motion to suppress an illegally obtained confession is granted, the State is allowed to take an interlocutory appeal under K.S.A. 22-3603, if the suppressed evidence is essential to prove a prima facie case. Therefore, regardless of whether the court's action is characterized as a dismissal or a suppression of evidence, we have jurisdiction.

Whether a confession is or is not voluntary is determined like any question of fact. The findings of the trial court, which has a much better opportunity to ascertain the truth than that afforded the reviewing court, if supported by substantial competent evidence, cannot be disturbed. *Holt v. State,* 202 Kan. 759, 764-65, 451 P.2d 221 (1969).

Weis contends that she was "seized" and her detention resulted in a custodial interrogation rather than an investigatory interrogation. An investigatory interrogation is the questioning of an individual by law enforcement officers in a routine manner where the investigation has not reached an accusatory stage and the individual is not in legal custody or deprived of his or her freedom of action in any significant manner. An individual is in police custody when *significant* restraints on his or her freedom of movement are imposed by some law enforcement agency. *State v. Bohanan*, 220 Kan. 121, 128, 551 P.2d 828 (1976).

As authority for her claim of an illegal arrest and detention, Weis cites *Dunaway v. New York*, 442 U.S. 200, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979). Like this case, *Dunaway* involved police station detention where probable cause was absent. Even though the police in *Dunaway* did not have sufficient information or probable cause to obtain a warrant for an arrest, the defendant was taken to the police station for questioning. Dunaway was neither informed that he was under arrest nor was he booked. The United States Supreme Court concluded that when the police took the defendant into custody and transported him to the police station for interrogation without probable cause to arrest "[t]here can be little doubt that [defendant] was 'seized' in the Fourth Amendment sense." *Dunaway*, 442 U.S. at 207.

We agree with the trial court's determination that without probable cause the officers had illegally seized Weis. But that finding alone does not prevent Weis from being prosecuted. Jurisdiction of a court to try a person accused of a crime is not divested by the fact he or she may have been unlawfully arrested. *United States v. Crews*, 445 U.S. 463, 63 L. Ed. 2d 537, 100 S. Ct. 1244 (1971), *cited in State v. Hammond*, 4 Kan. App. 2d 643, 645, 609 P.2d 1171, *rev. denied* 228 Kan. 807 (1980); *State v. Addington*, 205 Kan. 640, 644, 472 P.2d 225 (1970); *Hanes v. State*, 196 Kan. 404, 411 P.2d 643 (1966); *State v. Cook*, 194 Kan. 495, 399 P.2d 835 (1965). An unlawful arrest, without more, does not give the accused immunity from prosecution nor provide a defense to a valid conviction. Even where the trial court determines the initial arrest was without probable cause, if the taint of the illegal arrest is so separate from the statement or evidence obtained, the evidence can be admitted. See *Dunaway*, 442 U.S.

at 216 (citing *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 [1963]).

In *Dunaway*, the United States Supreme Court held that the evidence police obtained from the illegal detention could not be admitted at the trial without intervening circumstances to break the nexus between the illegal detention and the evidence obtained. The determination of whether a confession is the result of free will is ascertained by no one factor. The four factors to be considered are: (1) whether *Miranda* warnings were given, (2) the proximity of the illegal arrest and the statement or confession, (3) the purpose and flagrancy of the officer's misconduct, and (4) other intervening circumstances. 442 U.S. at 218. Weis claims that the circumstances of the illegal arrest require a determination that her confession was not the result of her free will. See *State v. Knapp*, 234 Kan. 170, 671 P.2d 520 (1983); *State v. Kirby*, 12 Kan. App. 2d 346, 744 P.2d 146 (1987).

Though Weis concedes that the first part of the test was met, *i.e.*, she was given the *Miranda* warning, the fact that her requests to contact her attorney and permission to communicate by phone had been denied until she was booked approximately 6 hours after her illegal detention negates the giving of the warning. Second, from the time of her illegal arrest until she made the statement, she was subjected to four hours of unbroken custodial interrogation. Third, the police tactics of obtaining her presence at the station, blocking her ability to leave the station, and refusing her requests to communicate with her attorney until after she gave a statement indicate police misconduct. Finally, there was no intervening event that broke the connection between her illegal detention at the police station and the incriminating statement given at the residence.

The trial court determined that the State had not met its burden of proving Weis' statements were freely and voluntarily made or that she knowingly and intelligently waived her *Miranda* rights. Based on those findings, the trial court determined that Weis' confession was obtained by exploitation of an illegal arrest.

When a trial court conducts a full pretrial hearing on the admission of statements following an illegal arrest and determines that the initial taint of the illegal arrest has not been purged or diluted and refuses to admit the evidence at trial, this court on

appeal should accept that determination if it is supported by substantial competent evidence. *State v. Knapp*, 234 Kan. at 175. We agree with the trial court's determination that Weis' statements were obtained by exploitation of an illegal arrest and were so tainted by the illegal arrest that the statements could not be admitted into evidence.

The State contends that, even if the police station detention was an unlawful arrest, it should not have resulted in the charges being dismissed because none of defendant's substantial rights were violated. We agree.

There is no statutory authority for the trial judge to dismiss the complaint against this defendant because of the illegal arrest. Illegal detention does not in itself mandate the charges being dismissed. See *State v. Addington*, 205 Kan. at 645 (unlawful arrest where substantial rights are prejudiced vitiates a conviction); *State v. Hammond*, 4 Kan. App. 2d at 645-46 (evidence seized at time of unlawful arrest is inadmissible). The usual sanction for an illegal arrest is not the dismissal of the charges against the accused, but a prohibition against the introduction into evidence of statements or admissions made by the defendant while in custody.

Though the trial judge correctly prohibited the introduction into evidence of the statements made by Weis while illegally held in custody, the judge abused his discretion by dismissing the charges against the defendant. The sanction of dismissing a criminal complaint is one that should be used "only under extremely compelling circumstances." *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982). Under the facts, Weis' unlawful arrest did not give her immunity from prosecution. The State may still have sufficient evidence, not tainted by the illegal arrest, to try the defendant.

The district court's dismissal of the two counts of the complaint against defendant Weis is reversed. Those counts are reinstated, and the case is remanded to the district court for further proceedings.

HERD, J., dissenting.