(8 P.3d 32)

No. 83,810

STATE OF KANSAS, *Appellant,* v. DALE L. FUNK, *Appellee.*

Opinion filed July 7, 2000.

*Keith E. Schroeder* and *JoAnna L. Derfelt,* assistant district attorneys, *Timothy J. Chambers,* district attorney, and *Carla J. Stovall,* attorney general, for appellant.

*Philip R. White* and *Leslie F. Hulnick,* of Hulnick Law Offices, P.A., of Wichita, for appellee.

Before MARQUARDT, P.J., WAHL, S.J., and ERNEST L. JOHNSON, District Judge, assigned.

MARQUARDT, J.: The State of Kansas appeals the trial court's dismissal of a criminal complaint with prejudice against Dale L. Funk. We affirm.

Funk was arrested on July 19, 1998, and was released on bond the next day. The trial court set a preliminary hearing for August 27, 1998, but the hearing was continued at the request of the State. The complaint filed on March 22, 1999, charged Funk with driving while under the influence of alcohol.

The preliminary hearing was scheduled for April 26, 1999. Funk retained counsel and moved for discovery and inspection of the State's evidence. The trial court granted Funk's motion and continued the preliminary hearing to May 26, 1999.

Funk moved for another continuance, and the trial court set the preliminary hearing for July 2, 1999. Funk lived in Iowa and had to travel 3 hours for the hearing. Funk's counsel contacted the

district attorney's office the day before the hearing and was assured that the State was ready to proceed.

On July 2, 1999, the assistant district attorney discovered that subpoenas had not been served on the State's witnesses and asked for a continuance. Funk's counsel, noting the expense and inconvenience imposed on his client, moved for a dismissal of the complaint.

The trial court denied the State's request for a continuance and dismissed the complaint without prejudice. The State refiled the complaint a few days later, and a preliminary hearing was scheduled for August 18, 1999. Before making the trip to Reno County, Funk's counsel called the district attorney's office and was assured that the State was ready to proceed. Funk appeared with his counsel on August 18, 1999.

The State's witness, a sheriff's officer, who had been served with a subpoena, could not be located. After a 30-minute delay, the State requested a continuance. Funk moved for a dismissal of the complaint.

The trial court, noting the similarity of the circumstances from the earlier proceeding, denied the continuance and dismissed the complaint. Funk moved that the case be dismissed with prejudice. The trial court dismissed the case; however, he gave Funk's counsel time to provide the trial court with legal authority to indicate that it could dismiss the complaint with prejudice. On August 30, 1999, the trial court dismissed the complaint with prejudice because the State had caused numerous delays and because a refiling of the case would constitute an "abuse of criminal process."

On appeal, the State argues that the trial court abused its discretion in dismissing the complaint with prejudice. A district court may dismiss a criminal complaint with prejudice if the interests of justice require such an action. Such power must be exercised with great caution and only in cases where no other remedy would protect against abuse. *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982).

We recognize a court should only sanction a prosecutor by dismissing a criminal complaint under extremely compelling circumstances and where a lesser sanction would not accomplish the de-

sired objective. See *State v. Clovis,* 248 Kan. 313, 331, 807 P.2d 127 (1991); *State v. Weis,* 246 Kan. 694, 699, 792 P.2d 989 (1990).

The State contends that the trial court did not explore remedies other than a dismissal with prejudice and that a continuance would have been the proper result. The record on appeal shows the preliminary hearing set for August 1998 was continued at the State's request. The State waited until March 1999 to file the complaint, effectively delaying a preliminary hearing. The preliminary hearing set for April 1999 was continued to allow the State more time to comply with a discovery order entered a month before the hearing. The State was then twice unable to proceed. We cannot conclude another continuance would have provided the proper remedy. See *State v. Fitch,* 249 Kan. 562, 568, 819 P.2d 1225 (1991).

Funk communicated twice with the district attorney's office and was assured he would receive a preliminary hearing. He traveled twice from out-of-state and appeared with his counsel as scheduled, and yet after 13 months, he had not secured a hearing. The State, for its part, only offered another motion to continue. These facts, taken together, indicate that the trial court did not abuse its discretion in dismissing the complaint with prejudice.

Affirmed.