(203 P.3d 1274)
No. 99,090

STATE OF KANSAS, *Appellant*, v. MICHAEL S. BOEHMER, *Appellee*.

Opinion filed April 3, 2009.

*Lesley A. Isherwood,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Stephen N. Six,* attorney general, for appellant.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for appellee.

Before GREENE, P.J., GREEN and LEBEN, JJ.

GREENE, J.: The State appeals the district court's dismissal with prejudice of criminal charges against Michael S. Boehmer of driving under the influence, driving while suspended, and transporting an open container. The State argues the circumstances did not merit the dismissal and the district court abused its discretion. Concluding the State's appeal is untimely as to one charge, we have no jurisdiction and dismiss this aspect of the appeal. As to the remaining charges where the appeal was timely, we reverse and remand for further proceedings.

*Factual and Procedural Background*

Boehmer was originally charged in April 2007 with driving under the influence, driving while suspended, and transporting an open container. At a preliminary hearing in May 2007, Boehmer moved to dismiss the charge of driving under the influence because the charging document was materially defective. The State requested an opportunity to amend, but the district judge granted Boehmer's motion, stating:

"Interlineation or amendments are fine for small errors, you know, such as correcting a date or a location or a spelling. I'd even allow them for correcting a victim's name, to change an entire victim's name. But, you know, the vehicle that brings this man to court needs to be sufficient on its face. And that's like allowing you to—it just is not permissible at this stage. So I'm going to sustain the defense's objection.

. . . .

"I believe they can appeal it, yes. And I'm just going to say this.

"I know this is a heart breaking thing for you. But you have learned a lesson that you will never ever, ever forget in your career as an attorney. Those are the best learned lessons. And I'll bet you you never ever go into court again without having read the information.

. . . .

"The motion is sustained. The case is—Count One is dismissed. The two remaining counts. I'm not making any findings whether or not it can be refiled or not. That's something that will be up to the District Attorney's office, and possibly subject to a motion at a later time."

Following the dismissal, Boehmer's counsel told the court Boehmer was prepared to plead to the two remaining counts. After some

discussion, the State moved to dismiss the case "and contemplate refiling it."

The record contains two orders reflecting the outcome of the proceedings from the May hearing. The first is a "motion minute sheet" indicating that Boehmer's motion to dismiss count one was "sustained" because "[c]ourt finds that count one of the complaint/information fails to set forth/allege a criminal offense. Dismissed w/ prejudice." The second is a journal entry form for preliminary examination listing all three counts and stating only "[d]ismissed—motion to dismiss granted." Both orders were filed on May 11, 2007.

The State subsequently refiled the same three charges against Boehmer under case No. 07CR1710. Boehmer moved to dismiss, arguing that case No. 07CR1710 ignored the district court's dismissal of case No. 07CR1368 and that case No. 07CR1710 should be dismissed with prejudice. The district court held a hearing on the matter and granted the motion to dismiss with prejudice, finding that the previous case, case No. 07CR1368, had been dismissed with prejudice. At this hearing, the district judge stated:

"But my ruling was that it was dismissed with prejudice. And if I was unclear in what I said, then I apologize for that, if I somehow led you to believe that it was okay. But that my intent in—it says right here on the minute sheet, Laura was writing it down as I was speaking, that I dismissed the case with prejudice based on the case law provided. . . .

"My intent at the time was to dismiss it with prejudice. I did dismiss it with prejudice, and I apologize for leading you to believe otherwise."

The State appeals the dismissal of case No. 07CR1710 with prejudice.

*Was the State's Appeal Timely From the Dismissal Order of May 9, 2007?*

Boehmer suggests we have no jurisdiction to address the dismissal of count one, driving under the influence, that was ordered on May 9, 2007, because the State failed to timely appeal that decision. Whether appellate jurisdiction exists is a question of law. *State v. Thomas*, 283 Kan. 796, 805, 156 P.3d 1261 (2007).

The question of jurisdiction is dependent on the nature of the dismissal effected by the court on May 9, 2007. The nature of the district court's dismissal is a question of law over which an appellate court has unlimited review. See *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007).

A district court may dismiss a criminal complaint with prejudice if the interests of justice require such an action, but such power must be exercised with great caution and only in cases where no other remedy would protect against abuse. *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982); *State v. Funk*, 27 Kan. App. 2d 712, 713, 8 P.3d 32 (2000). Where the dismissal is *with* prejudice, however, the judgment is final; when such a dismissal occurs in a criminal case, the dismissal is final and appealable, but the dismissed charge may not be refiled.

Here, there is really no question as to the district judge's intent. The motion was for dismissal *with prejudice*, and it was sustained. The judge's comments from the bench stating, "I believe they can appeal it, yes" imply an intent for the dismissal to be with prejudice, and the motion minute sheet certainly expresses an unequivocal intent that the dismissal was "with prejudice." If there remained any uncertainly about this intent, the judge again clarified its intent in the July hearing in stating, "But my ruling was that it was dismissed with prejudice." We are convinced that count one was intended to be and was in fact dismissed *with* prejudice.

The dismissal of count one with prejudice was effected on May 9, 2007. The State's notice of appeal was filed July 20, 2007, more than 30 days from the entry of final judgment on that count. The State argues on appeal that we should find excusable neglect and accept a belated appeal under K.S.A. 60-2103(a), because the prosecutor was unaware of the language employed by the court on the motion minute sheet. We disagree for the same reasons cited above; there was no question about the court's intent to dismiss with prejudice. These are not circumstances where we have applied the doctrine of excusable neglect under K.S.A. 60-2103(a).

The State's appeal was untimely, and we lack jurisdiction over the dismissal of count one. *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001).

*Did the District Court Abuse Its Discretion in Dismissing the Remaining Counts With Prejudice Upon Their Refiling?*

We review a district court's dismissal of criminal charges for an abuse of discretion. *State v. Clovis,* 248 Kan. 313, 331, 807 P.2d 127 (1991). Judicial discretion is abused when the court has acted in a manner that is arbitrary, fanciful, or unreasonable. *State v. Reed,* 282 Kan. 272, 280, 144 P.3d 677 (2006).

The State argues the district court abused its discretion in dismissing the remaining two counts of case No. 07CR1710 because the reason cited by the court—that these counts had been dismissed with prejudice—is not born out by the record. We agree.

Based upon the same bench comments and written motion minute sheet quoted and discussed above, it is clear that the initial dismissal of these counts was intended to be without prejudice. In fact, at the initial motion hearing, the district judge specifically stated with respect to the two remaining counts that "I'm not making any findings whether or not it can be refiled." But at the second hearing, it is apparent that the district court failed to recognize that it had made a distinction in the nature of dismissal among the various counts. We conclude that the singular reason cited by the court for the dismissal of remaining counts in the subsequent hearing was erroneous.

As we have noted above, our Supreme Court has suggested caution should be used in dismissing a criminal charge with prejudice and that it should be exercised "only in cases where no other remedy would protect against abuse." *State v. Crouch & Reeder,* 230 Kan. at 788. Where the only reason given by the district court for a dismissal with prejudice has been shown to be erroneous, the dismissal with prejudice was an abuse of discretion.

For this reason, we conclude the dismissal with prejudice of the remaining counts, specifically the charges of driving while suspended and transporting an open container, must be reversed. We remand for reinstatement of these charges and for further proceedings consistent with this opinion.

Dismissed in part, reversed in part, and remanded with directions.