NOT DESIGNATED FOR PUBLICATION

No. 124,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

STEPHEN WAYNE BIRD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed October 28, 2022. Affirmed.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Christopher M. Joseph* and *Carrie E. Parker*, of Joseph, Hollander & Craft LLC, of Topeka, for appellee.

Before CLINE, P.J., ATCHESON and COBLE, JJ.

CLINE, J.: The State challenges the district court's dismissal with prejudice of its case against Stephen Wayne Bird. The State first dismissed the case in 2019 to seek an appeal after the district court dismissed count 2 of the indictment without prejudice. The State succeeded on appeal, and the district court reinstated all charges against Bird. Then, 10 days before trial in 2021, the State dismissed the charges a second time. Because of the duration and burden of the extended litigation on Bird, the district court ordered the second dismissal with prejudice. We find no abuse of discretion and affirm the court's order.

1

FACTS

On October 17, 2017, a grand jury indicted Bird on one count of aggravated indecent liberties with a child under 14 years old, in violation of K.S.A. 2017 Supp. 21-5506(b) (count 1); and one count of aggravated indecent solicitation of a child under 14 years old, in violation of K.S.A. 2017 Supp. 21-5508(b) (count 2). His jury trial began on January 22, 2019, but the selected jurors were released before administering their oath because of inclement weather on the first day of trial.

After the jurors were dismissed, the parties stayed to discuss a notice of defect in count 2 of the indictment which Bird filed one week before trial. In this notice, Bird asserted that count 2 should be dismissed because the statute provides aggravated indecent solicitation is a specific intent crime, but the grand jury returned an indictment based on probable cause for knowing conduct, which is used in general intent crimes. The district court agreed with Bird and dismissed count 2.

That evening, the State moved to reconsider dismissal of count 2. But when the parties met to resume trial the next morning, the State withdrew its motion to reconsider and elected to dismiss count 1 without prejudice so it could pursue an interlocutory appeal of the court's decision to dismiss count 2. Bird's defense counsel strongly objected to the State's sudden dismissal without prejudice, arguing the prejudicial effect on Bird should provide grounds for denial.

The district court expressed its willingness to proceed on the motion to reconsider to avoid dismissal after trial had begun, but the State argued the court could not properly reinstate an indicted charge that it had dismissed. After a short research recess, the district court allowed defense counsel to state on the record the prejudice that Bird suffered from the State's dismissal of the remaining charge:

"Okay. So we've selected the jury. The only reason the jury wasn't sworn-in was because of the [weather] situation where the courthouse closed early. Absent that, we would've had double jeopardy. But I understand that the courthouse closed right as we selected the final jurors, and the Court sent the jurors home.

"But as we sit here today, we have, I believe there's 11 witnesses ready to go, three of which are expert witnesses. Dr. Negron has flown in. She's here from Florida. She's expensive. I don't know her rate off the top of my head, but just to get her to fly out and back, it's going to be at least—it's going to be more than $5,000 just for her to come back to this particular hearing.

"We have already paid $7,500 as a fixed fee for John Sampson, who has flown out. He arrived, I believe, last night or this morning, and was planning to stick around through, I think, the end of Thursday.

"Steve Peterson I can still call off. He is ready to go, but of course he's going to charge us, because he had cleared his calendar to come testify on Thursday or Friday.

"Mr. Bird's life is on pause, in a sense that he doesn't get finality. He has been on suspension and unable to work with his company, pending the resolution, with the likelihood of being rehired if he was acquitted. So there's a significant financial loss there.

"We have geared up for trial. We're ready for trial."

On appeal, we found the district court erred in dismissing count 2 and reversed its decision because aggravated indecent solicitation is a general intent crime, and the grand jury's use of "knowingly" in the indictment was proper. *State v. Bird*, 59 Kan. App. 2d 379, 482 P.3d 1157 (2021). In June 2021, the State moved to reinstate both counts of the indictment. The district court granted the State's motion and scheduled trial to begin on November 29, 2021.

Then, at 4:51 p.m. on Friday, November 19, 2021, the State e-mailed the district court and defense counsel stating that it decided to dismiss the case again. In response, Bird filed a brief arguing the dismissal should be with prejudice because refiling the charges later would be an abuse of criminal process. The State responded that dismissing the case with prejudice would be improper because it had caused no unnecessary delay

3

and had not engaged in misconduct. The district court scheduled a hearing on the issue for December 3, 2021.

At the hearing, Bird pointed out that the State did not explain its decision to dismiss again 10 days before trial. He noted his attorneys had spent another hundred billable hours on the case after the appellate mandate had issued, along with more expert time and expenses, to prepare for the second trial setting. He asked the district court to exercise its discretion to determine if the dismissal should be entered with prejudice, considering the circumstances. In response, the State explained that it did not have to give a reason for its dismissal. It simply stated it was exercising its prosecutorial discretion to dismiss a case that it could not prove beyond a reasonable doubt.

After hearing the arguments, the district court decided to dismiss the case with prejudice. The district court noted that if the State had proceeded on its motion to reconsider after the court dismissed count 2 the first time, the court likely would have reinstated that count. Then, the State would have been in the same position as if the district court had not dismissed count 2 and there would have been no need for an appeal. The district court also noted the caselaw the State provided to support its argument that the court could not reinstate count 2 based on the State's motion to reconsider did not address whether a court could reinstate a dismissed indictment.

Next, the district court pointed to the prejudice the first dismissal caused Bird. Citing the January 2019 hearing transcript, the district court found that Bird and his defense counsel incurred significant litigation expenses when forced to cancel multiple expert witnesses on the eve of trial. The district court also noted, "[E]ven more importantly . . . Mr. Bird's life is on pause in a sense that he doesn't have finality." It provided Bird's suspension from work pending resolution of the case as an example. Given the time between the October 2017 indictment and the November 2021 dismissal,

4

the district court determined the tremendous burden on Bird warranted dismissal with prejudice. The State appeals this decision.

## ANALYSIS

The State argues the district court abused its discretion when it dismissed Bird's case with prejudice because Bird suffered no actual prejudice, and the State did not engage in any misconduct. In response, Bird argues the State's inability to resolve the case on the merits and its unwillingness to proceed with trial support dismissal of his case with prejudice.

A district court's dismissal of a criminal case with prejudice is reviewed under an abuse of discretion standard. *State v. Bolen*, 270 Kan. 337, 343, 13 P.3d 1270 (2000). Judicial discretion may be abused if (1) no reasonable person would take the view adopted by the district court, (2) the action stems from error of law, or (3) the action stems from error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

As the representative of the State in criminal prosecutions, a district attorney has broad discretion in controlling those prosecutions. This discretion includes the power to dismiss charges. And a court cannot refuse to allow a dismissal or restrain a prosecution. *State v. Williamson*, 253 Kan. 163, 165-66, 853 P.2d 56 (1993).

Yet a district attorney's discretion to dismiss is not limitless. The district court may order charges a district attorney seeks to dismiss be dismissed with prejudice "if the interests of justice require such an action, but such power must be exercised with great caution and only in cases where no other remedy would protect against abuse." *State v. Boehmer*, 41 Kan. App. 2d 598, 601, 203 P.3d 1274 (2009).

The State contends the length of the proceedings and the financial cost of litigation did not present extreme circumstances justifying dismissal with prejudice. It suggests these factors are present in every criminal case, so the district court's rationale would make dismissal with prejudice appropriate in every case in which the State dismisses the charges. In support of its argument, the State cites *State v. Davis*, 266 Kan. 638, 972 P.2d 1099 (1999). In *Davis*, the district court dismissed the case with prejudice because the prosecutor intentionally and repeatedly refused to comply with the district court's discovery order. The Kansas Supreme Court found dismissal with prejudice to be an abuse of discretion where a contempt order was an available sanction to enforce compliance. 266 Kan. at 646-47. The State argues that using its discretion to dismiss the case did not rise to the same level of intentional noncompliance as found in *Davis*.

While we do not find the State acted as egregiously as the prosecutor in *Davis*, we do find it acted unjustly. *Bolen*, 270 Kan. at 342-43 (noting "a trial court has the power to dismiss a criminal complaint with prejudice if the interests of justice require such action"). Besides twice dismissing the case on the eve of trial, the State contributed to the prosecution delay by withdrawing its motion to reconsider and providing incorrect information about the district court's ability to reinstate the dismissed charge. Furthermore, in *Davis*, the Supreme Court rejected the district court's sua sponte dismissal with prejudice as a discovery sanction, finding a lesser sanction than dismissal more appropriate. See 266 Kan. at 641. Here, the State offers no remedy to address the prejudice its delay and eve-of-trial dismissals caused Bird.

The more analogous case (which both parties cite) is *State v. Funk*, 27 Kan. App. 2d 712, 8 P.3d 32 (2000). In *Funk*, the district court first dismissed the case without prejudice at the preliminary hearing upon the defendant's request because the district attorney failed to serve subpoenas on the State's witnesses. After the State refiled the charges, the State's witness did not appear at trial, and the State asked for a continuance. The defendant again moved to dismiss. The district court dismissed the case with

6

prejudice because the State had caused several delays and refiling the case would constitute an abuse of criminal process. This court upheld the dismissal because the defendant had not secured a hearing after 13 months and another continuance would not have provided the proper remedy. 27 Kan. App. 2d at 713-14.

As in *Funk*, the State has twice been unable to proceed with trial. But where the State in *Funk* failed to procure its witnesses in time for trial, the State here was not even able to advance with its indictment. And the four-year span between the indictment and the second dismissal is significantly greater than the 13-month span in *Funk*. Granted, and as the State argues, Bird's statutory speedy trial rights have not been implicated because of the pandemic-related amendment that suspended a defendant's statutory speedy trial right until May 1, 2023. See K.S.A. 2021 Supp. 22-3402(j). But that did not start until March 31, 2021—over three years into the case. Further, the mere fact that Bird's statutory speedy trial rights are still intact does not negate the prejudice to Bird from the State's delays.

"Delay in ending a case prolongs the time during which the defendant is stigmatized by unresolved charges. It increases the financial and emotional burden on the accused, and it may increase the possibility of a mistaken finding of guilt." *Harris v. Young*, 607 F.2d 1081, 1087 (4th Cir. 1979) (discussing the aim of the Double Jeopardy Clause of the United States Constitution). The district court found that Bird suffered a tremendous burden both in the four-year span between the indictment and the second dismissal and in litigation time and expense. During that time, Bird's life was "on pause," including being suspended from his job. His attorneys expended hundreds of hours on his behalf, and he incurred thousands of dollars in legal and expert expenses. While we do not find it relevant that Bird personally incurred this expense—it would be just as prejudicial to the taxpayers had Bird been indigent and the State incurred the expense— we do find this litigation burden significant when analyzing the court's decision.

Despite the State's argument that the duration and costs of litigation are relevant factors in every criminal case, this case involved two trial and witness preparations that would go unused in the same case and a delay of more than four years. Bird had a right to have his guilt or innocence timely determined, particularly considering such devastating charges. The State admits it was not prepared to go to trial more than four years after Bird's indictment, and it offered no prediction as to when Bird could clear his name or the alleged victim (who was nine years old in 2017) could obtain justice. Under these circumstances, the State has failed to show that no reasonable person would find dismissal with prejudice appropriate. As a result, we find the district court did not abuse its discretion by dismissing Bird's case with prejudice.

Affirmed.

\* \* \*

ATCHESON, J., concurring: I join in the decision affirming the ruling of the Shawnee County District Court to dismiss the felony charges against Stephen Wayne Bird with prejudice, thereby precluding the State from ever proceeding against him again on those charges. I want to focus on several points that are particularly salient to me in arriving at that conclusion.

First, I do not understand this to be a case in which the district court dismissed with prejudice as a sanction against the State for some form of prosecutorial misconduct. The State may have taken a legally ill-founded position on whether the district court could have reinstated one of the counts because Bird had been indicted by a grand jury rather than charged in a complaint. And the district court properly considered the delay the State's position engendered. But this was not a situation in which the State repeatedly flouted court orders or deliberately engaged in discovery abuses—conduct that would warrant some form of sanction against the government, its lawyer, or both.

8

Rather, the State wished to dismiss the charges against Bird without prejudice—for the second time—shortly before the rescheduled jury trial. The question for the district court was whether the dismissal ought to be with or without prejudice. Bird argued he was ready and willing to go to trial to clear his name. But a criminal defendant has no constitutional or statutory right to insist on a trial as a name-clearing exercise. From Bird's perspective, the next best option was a dismissal with prejudice some four years after he had first been charged.

Although a district court's decision to dismiss criminal charges with or without prejudice entails an exercise of judicial discretion, the Kansas Supreme Court has cautioned the determination must be made within certain constraints, given the absolute finality of a dismissal with prejudice. *State v. Bolen*, 270 Kan. 337, 342-43, 13 P.3d 1270 (2000). So, especially as a sanction for prosecutorial misconduct, the district court should dismiss with prejudice only when no other remedy will serve the ends of justice. The result may effectively punish the people of the state in whose name the prosecution proceeds and, in turn, grant a defendant something of a windfall. 270 Kan. at 342-43.

Here, however, the State sought to abandon the prosecution of Bird and informed the district court it wished to do so because it did not believe it could marshal sufficient evidence to prove his guilt beyond a reasonable doubt. The State wasn't asking to dismiss because a key witness was temporarily unavailable. The State didn't want to go forward because its best case wasn't good enough. For me, that weighs heavily in favor of the district court's decision to dismiss with prejudice, particularly because the State had four years to build a case and made no representation that there was any realistic prospect for developing more or better evidence. A dismissal without prejudice would have permitted the State to charge Bird again anytime before the statute of limitations expired. By my reckoning that would be no earlier than 2036. See K.S.A. 2021 Supp. 21-5107.

9

Intertwined with the insufficiency of the evidence is the nature of the charges—Bird was accused of committing sex crimes against a child. As a general matter, those are among the most socially stigmatizing accusations that may be leveled against a criminal defendant. See *Schuyler v. Roberts*, 285 Kan. 677, 686, 175 P.3d 259 (2008); Berryessa & Lively, *When a Sex Offender Wins the Lottery: Social and Legal Punitiveness Toward Sex Offenders in an Instance of Perceived Injustice*, 25 Psychol. Pub. Pol'y & L. 181, 182 (Aug. 2019). The charges typically would induce greater anxiety and extrajudicial pressures for a defendant than most other felonies. The dismissal with prejudice put a permanent end to the charges and presumably served to tamp down the associated stigma, anxiety, and pressures on Bird at least to some extent, especially coupled with the State's concession that the evidence likely was insufficient to convict.

Also, I want to be clear about my reliance on the financial costs of the defense as a proper, if secondary, ground supporting the district court's decision to dismiss with prejudice. In doing so, I am simply underscoring the majority's point. Here, Bird retained a lawyer to represent him and, in turn, hired several expert witnesses to testify as part of the defense case at trial. Those expenses were substantial. And if the State again charged Bird, he would incur additional attorney fees and expert witness fees. The financial burden of mounting a defense can be a consideration for the district court in fashioning a dismissal with or without prejudice. But the source of the funds to pay for the defense should not be a factor. That is, an impecunious defendant requiring an elaborate defense, including multiple experts, paid for through the Board of Indigents' Defense Services would be just as entitled to a dismissal with prejudice as the well-off defendant footing the bill for his or her own defense. To do otherwise would draw an impermissible distinction between rich and poor criminal defendants standing before the bar of justice.

Finally, I have extended considerable deference to district courts in dismissing criminal charges with prejudice, consistent with my view of our constrained appellate review under the abuse of discretion standard. See *State v. Mulleneaux*, No. 121,503,

2021 WL 3573777, at *4 (Kan. App. 2021) (unpublished opinion) (Atcheson, J., dissenting), *rev'd* 316 Kan. 75, 512 P.3d 1147 (2022). Affirming in this case simply reflects a consistent application of that deference.